STATE of Wisconsin, Plaintiff-Respondent,

v.

Rodobaldo C. Pozo, Defendant-Appellant.†

Court of Appeals

*Nos. 95–0423–CR, 95–0424–CR. Submitted on briefs October 9, 1995.—Decided December 14, 1995.*

(Also reported in 544 N.W.2d 228.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Robert T. Ruth* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Thomas J. Balistreri,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

EICH, C.J. Rodobaldo Pozo appeals from judgments convicting him of possession of marijuana within 1,000 feet of a school and bailjumping.

With respect to the drug charge, Pozo argues that: (1) the arresting officer lacked probable cause to seize a packet of marijuana and a packet of cocaine that the officer had seen on the seat of Pozo's car; and (2) a statement he made to the officer at the scene should have been suppressed because it was obtained in violation of his *Miranda* rights. We reject both arguments.

The bailjumping charge was based on Pozo's violation of the bond for his release from custody after being arrested on the drug charges. The bond contained a condition that he commit no further crimes while on bail, and he was charged with bailjumping when he was arrested on other drug charges several months later, while the earlier charges were still pending. Pozo's arguments for reversal of the bailjumping conviction are all based on his assertion that his drug arrest was invalid due to the officer's lack of probable cause to seize the evidence from his car. Because we hold to the contrary, we need not consider the arguments further.

The facts are not in dispute. On December 8, 1993, Pozo was stopped for speeding by Officer Robert Lawrence of the City of La Crosse Police Department. Because Lawrence noted an odor of intoxicants about Pozo's person, he asked him to step out of his car and submit to a series of field sobriety tests. When Pozo got out of the car, Lawrence could see a rolled-up sandwich bag and a piece of shiny blue paper on the car seat. Although Lawrence could not see the contents of the bag because of the way it was folded, he knew from past experience that marijuana is commonly carried in rolled-up plastic bags. After conducting the sobriety

tests, Lawrence returned to the car and got a "better look" at the shiny paper, which appeared to him to be a "bindle" frequently used to package cocaine. Lawrence then reached into the car and removed the bag, which was later found to contain marijuana. At the same time, Pozo reached in from the other side of the car and grabbed the "bindle," which was later found on the ground some distance away. Tests revealed the packet to contain cocaine.

Lawrence arrested Pozo for possession of controlled substances and, in a search conducted incident to the arrest, discovered a large quantity of cash in Pozo's pockets. Lawrence asked Pozo whether he had a job, and he responded that he was suffering from a back injury. After this conversation, Lawrence advised Pozo of his *Miranda* rights, at which time Pozo requested to speak to an attorney and the questioning stopped.

Pozo was charged with possessing marijuana and cocaine within 1,000 feet of a school.[1] He moved to suppress the physical evidence seized at the scene of his arrest and the statement he made in response to Lawrence's question about whether he was working. The trial court denied the motions and Pozo eventually agreed to plead guilty to the marijuana charge in exchange for dismissal of the cocaine charge. Sentence was withheld and he was placed on probation for eighteen months.

---

[1] Two charges of maintaining a dwelling and a vehicle for the manufacture and delivery of controlled substances were eventually dismissed by the State.

*I. Suppression of the Marijuana Found in Pozo's Car*

When police have probable cause to believe that a vehicle contains evidence of a crime, the vehicle may be searched without a warrant and without a showing of exigent circumstances. *State v. Weber*, 163 Wis.2d 116, 137, 471 N.W.2d 187, 196 (1991), *cert. denied*, 114 S. Ct. 1865 (1994); *State v. Tompkins*, 144 Wis.2d 116, 137-38, 423 N.W.2d 823, 832 (1988). Similarly, police may search containers within the vehicle when probable cause exists to believe evidence may be hidden there. *California v. Acevedo*, 500 U.S. 565, 580 (1991); *Weber*, 163 Wis.2d at 138-39, 471 N.W.2d at 196-97.

When evidence of a crime is in an officer's plain view, a search is proper if the officer was justifiably in a position to observe the evidence, the discovery is inadvertent, and " '[t]he item seized, in itself or in itself with facts known to the officer at the time . . . provides probable cause to believe there is a connection between the evidence and criminal activity.' " *State v. Washington*, 134 Wis.2d 108, 121, 396 N.W.2d 156, 161 (1986) (quoted source omitted). Pozo argues only that the State failed to establish[2] that the sandwich bag, either by itself or considered together with other facts known

[2] The state has the burden of proving that a challenged warrantless search and seizure falls within one of the exceptions to the general rule that warrantless searches are per se unreasonable. *State v. Milashoski*, 159 Wis.2d 99, 110-11, 464 N.W.2d 21, 25-26 (Ct. App. 1990), *aff'd*, 163 Wis.2d 72, 471 N.W.2d 42 (1991). One of the exceptions is the "plain view" rule: "police may seize evidence in plain view without a warrant." *State v. Washington*, 134 Wis.2d 108, 120, 396 N.W.2d 156, 161 (1986).

to Lawrence at the time, provided probable cause to believe that it was connected to some criminal activity.

Probable cause, the idea running through all these rules, is neither a technical nor a legalistic concept; rather, it is a "flexible, common-sense measure of the plausibility of particular conclusions about human behavior," *State v. Petrone*, 161 Wis.2d 530, 547-48, 468 N.W.2d 676, 682, *cert. denied*, 502 U.S. 925 (1991)—conclusions that need not be unequivocally correct or even more likely correct than not. *Texas v. Brown*, 460 U.S. 730, 742 (1983). It is enough if they are sufficiently probable that reasonable people—not legal technicians—would be justified in acting on them in the practical affairs of everyday life. *State v. Wisumierski*, 106 Wis.2d 722, 739, 317 N.W.2d 484, 492 (1982).

> [P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a [person] of reasonable caution in the belief" that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required.

*Brown*, 460 U.S. at 742 (quoted sources omitted; citations omitted).

The Supreme Court went on to state in *Brown* that the probable-cause requirement must also be viewed from the standpoint of the knowledge and experience of the officer seizing the evidence:

> "The process does not deal with hard certainties, but with probabilities. Long before the law of

probabilities was articulated as such, practical peo-
ple formulated certain common-sense conclusions
about human behavior; jurors as factfinders are
permitted to do the same—and so are law enforce-
ment officers. . . . [T]he evidence . . . collected must
be seen and weighed not in terms of library analysis
by scholars, but as understood by those versed in
the field of law enforcement."

*Id.* (quoted source omitted). *See also State v. DeSmidt*,
155 Wis.2d 119, 134-35, 454 N.W.2d 780, 787 (1990)
(officer's experience-based conclusions may be consid-
ered in determining whether probable cause exists).

As noted above, Pozo does not dispute that Law-
rence was properly in a position to observe the
sandwich bag on the car seat. Having seen it, Lawrence
concluded—from his past training and experi-
ence—that both the sandwich bag and the shiny blue
paper packet[3] "were consistent [with] how drugs are

---

[3] Pozo argues at length that seizure of the shiny packet was
illegal because Lawrence did not note anything "potentially
criminal" about it until after he returned, "entered [Pozo's] vehi-
cle," and then, for the first time, related the packet to drugs. The
argument is misplaced, for the charge that was based on the
packet was dismissed as part of Pozo's plea agreement. He was
convicted only of possession of the marijuana found in the sand-
wich bag.

Even so, the record does not bear out Pozo's assertion that
the import of the shiny packet was unknown to Lawrence from
his position outside the car, but became apparent to him only
after he "entered" Pozo's car. Lawrence testified that, when he
returned to the vehicle after administering the field sobriety
tests to Pozo, he "got a closer look" at the packet and, identifying
it as "a bindle which would be used to [contain] cocaine," *then*
"reached in to grab [it]," along with the sandwich bag. At the
same time, Pozo reached through the window on the opposite
side of the car and grabbed the packet, which Lawrence found

packaged." And while he could not see through the sandwich bag, he testified that from his experience in arresting people for drug offenses, the manner in which the sandwich bag was rolled up "was a way in which marijuana is commonly transported or carried."

We agree with the State that, knowing that sandwich bags are often rolled up in that manner to conceal marijuana, Lawrence could reasonably infer that the sandwich bag in Pozo's car probably contained marijuana. And that inference is buttressed by the fact that another packet of a kind often used to carry controlled substances was also found on the car seat. We think those observations give rise to the type of " 'practical, nontechnical' probability," *Brown*, 460 U.S. at 742 (quoted source omitted), that would constitute probable cause for Lawrence to believe that there was " 'a connection between the [sandwich bag] and criminal activity.' " *Washington*, 134 Wis.2d at 121, 396 N.W.2d at 161 (quoted source omitted). The trial court did not err in denying Pozo's motion to suppress the marijuana found in his automobile.

## II. Suppression of Pozo's Statement

After arresting Pozo for possession of controlled substances and finding a large amount of cash on his person—but before advising him of his *Miranda* rights—Lawrence asked Pozo "if he was working," and he responded that "he had a back injury." He argues on appeal that the question and answer should be sup-

on the sidewalk after Pozo had been arrested and cuffed. There is no evidence that Lawrence ever "entered" Pozo's car, and nothing in his testimony suggests that he failed to identify the packet as drug-related while it was in his plain view from outside the vehicle.

713

pressed as violative of *Miranda*'s prohibition against custodial interrogation where the accused has not been informed of, and waived, his or her right to remain silent.

As we noted above, Pozo was initially charged not only with simple possession of marijuana but also with maintaining a vehicle and a dwelling for the manufacture and delivery of controlled substances. As we have also noted, the latter two charges were dismissed after the preliminary hearing and Pozo eventually pled guilty to the sole remaining charge of simple marijuana possession.

Evidence that Pozo, though unemployed, had a significant amount of cash on his person may well have been relevant to the two original offenses of using his home and car for the delivery of controlled substances, for it would imply that he was getting money somewhere, and if not from gainful employment then perhaps from selling drugs. As the State points out, however, "[T]he relevance of that evidence evaporated from the case along with the charges to which it was relevant." When the sales-related charges were dismissed, leaving only the charge of simple possession, it no longer mattered whether there was evidence suggesting that Pozo was selling drugs. All that was needed for conviction on the charge Pozo faced was evidence that he knowingly possessed some minimum quantity of marijuana. *See State v. Poellinger*, 153 Wis.2d 493, 508, 451 N.W.2d 752, 758 (1990). Evidence that he had money but no job would have no tendency to establish those facts.

A voluntary plea of guilty generally waives all non-jurisdictional defects and defenses, including claims of constitutional violations occurring prior to the plea.

714

*State v. Riekkoff*, 112 Wis.2d 119, 123, 332 N.W.2d 744, 746 (1983). Section 971.31(10), STATS., provides a narrow exception to this rule: "[A] motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty."

The purpose of the exception is one of "state public policy": to reduce the number of contested trials when the only real issue in the case is whether the challenged evidence may be used at trial. *Riekkoff*, 112 Wis.2d at 124-25, 332 N.W.2d at 747-48. It was meant to apply in cases where "the motion to suppress evidence is really determinative of the result of the trial," because in such a situation there would be little question about the defendant's guilt if the evidence were introduced. *Id.* at 125, 332 N.W.2d at 747 (quoting Judicial Council Committee Comments, 1969, § 971.31(10), STATS.).

In this case, the trial court's denial of Pozo's motion to suppress the statement could play no role in determining the result of a trial on the charge of simple possession of marijuana (had he not pled guilty to that offense). And we agree with the State's assertion that, in framing the narrow exception to the guilty-plea waiver rule found in § 971.31(10), STATS., the legislature could not have intended to allow a defendant who pleads guilty to one charge to raise on appeal a claim regarding the suppression of evidence relevant only to another separate charge of which he was not convicted. Such a result would be patently contrary to the underlying policy of the statute as discussed in *Riekkoff* and the Judicial Council's note.

While his argument is not entirely clear on the point, Pozo appears to suggest—briefly and without

elaboration—in his reply brief that the practical effect of affirming the trial court's decision is to recognize a harmless-error rule in § 971.31(10), STATS., appeals, which we held in *State v. Pounds*, 176 Wis.2d 315, 326, 500 N.W.2d 373, 378 (Ct. App. 1993), would be "contrary to present law."

■

First, we disagree with the assertion that we are engaging in a harmless-error analysis. We hold simply that the exception to the guilty-plea waiver rule found in § 971.31(10), STATS., is inapplicable in this case because the statement sought to be suppressed has no possible relevance to the charge of which Pozo was convicted.

Nor do we believe *Pounds* dictates a different result. The defendant in *Pounds*, responding to police questions prior to being read his *Miranda* rights, acknowledged ownership of a short-barreled shotgun found in his car after a routine traffic stop. He was charged with possession of an illegal firearm, and after his motion to suppress the seizure of the gun was denied, he pled guilty to the charge. On his § 971.31(10), STATS., appeal, the State argued that the *Miranda* violation was harmless because the defendant had made several additional incriminating statements to the police *after* he had been advised of his rights. We rejected the argument. Pointing to the supreme court's refusal in *State v. Monahan*, 76 Wis.2d 387, 401, 251 N.W.2d 421, 426 (1977), to adopt a harmless-error rule in § 971.31(10) appeals, we said that the *Monahan* court's "broad, unequivocal refusal to employ [a] harmless error analysis" in § 971.31(10) appeals "bound [us] to follow its mandate." *Pounds*, 176 Wis.2d at 324, 500 N.W.2d at 377-78. We think the cases are distinguishable.

In both *Pounds* and *Monahan*, the evidence sought to be suppressed constituted direct evidence of the defendants' guilt with respect to the charged crimes: ownership of the illegal firearm in *Pounds* and the defendant's observed possession of controlled substances in *Monahan*. In this case, in contrast, the statement Pozo sought to suppress was in no way incriminating or inculpatory with respect to the crime with which he was charged, and to which he pled guilty; indeed, as we have said, it was wholly irrelevant to the charge. In such a situation, we do not believe either *Monahan* or *Pounds* forecloses us from affirming a trial court's refusal to suppress a statement alleged to have been taken in violation of a defendant's *Miranda* rights under circumstances where the challenged statement can have no possible impact on the defendant's plea or conviction because it is wholly irrelevant to the charge to which the plea is entered.[4]

In *State v. Donner*, 192 Wis.2d 305, 531 N.W.2d 369 (Ct. App. 1995), the defendant was convicted, after trial, of operating a motor vehicle while intoxicated. He argued on appeal that we should reverse the conviction because the trial court improperly allowed one of the officers to testify that he noticed an odor of marijuana

---

[4] To hold otherwise could lead to absurd results. If Pozo's pre-*Miranda* statement had related not to the cash on his person and his lack of a job but to unpaid parking tickets, could he plead guilty to the drug charge and then seek reversal on appeal on grounds that the trial court had failed to suppress his statement about the parking tickets? And would we then be required to reverse his drug conviction because to do otherwise would violate the harmless-error rule of *Monahan* and *Pounds*? We hope not.

about the defendant's person at the time of the arrest.[5] We rejected the argument on the basis that the challenged evidence was irrelevant to the charge of which the defendant was convicted:

> [E]ven if we assume that the admission of [the] testimony was error, or if we alternatively assume that the evidence would not support a conviction for operating while under the influence of a controlled substance, the error does not affect the offense for which [the defendant] stands convicted.

*Id.* at 321, 531 N.W.2d at 376.

■

We agree with the State that the only significant difference between *Donner* and the instant case is that Donner was convicted after trial while Pozo pleaded guilty; we also agree that § 971.31(10), STATS., should not be applied to give a defendant who pleads guilty greater rights on appeal than a defendant who goes to trial.

*By the Court.*—Judgments affirmed.

---

[5] The defendant claimed that he had been smoking cigars shortly before he encountered the police and that the officer mistook the odor of cigar smoke for that of marijuana. On that basis, he argued that the jury was permitted to base its guilty verdict " 'on an incredibly uncertain inference.' " *State v. Donner*, 192 Wis.2d 305, 320, 531 N.W.2d 369, 375 (Ct. App. 1995) (quoted source omitted).