State of Wisconsin, Plaintiff-Respondent,
v.
David M. Pleau, Defendant-Appellant.
No. 04-0836-CR.
Court of Appeals of Wisconsin.
Opinion Filed: August 3, 2004.
¶1 HOOVER, P.J.[1]
David Pleau appeals a judgment of conviction for operating while intoxicated, second offense, and an order denying his motion to suppress the results of his blood test. He contends the arresting officer lacked probable cause. This court disagrees and affirms the judgment and order.

Background
¶2 On June 14, 2003, officer David Nicklaus of the Marinette City Police Department received a notice from the dispatcher that there had been a hit-and-run accident at Lolli's Bar and there was reason to believe that the suspect vehicle, a red convertible, was heading to the 1600 block of Mary Street. This was allegedly reported by a citizen informant.
¶3 Nicklaus went to the block and discovered a red convertible parked at 1604 Mary Street. When he arrived, Pleau was exiting his residence, walking down the front steps and approaching Nicklaus and the vehicle. The dispatcher had informed Nicklaus that Pleau had called to report his vehicle had been damaged in Lolli's parking lot, and Pleau restated his desire to report the damage as he approached Nicklaus.
¶4 Pleau told Nicklaus he had been at Lolli's with his car parked in the bar's lot. He stated he had been arguing with another patron and that he had been thrown out of the bar. Once in the lot, he noticed the damage to his vehicle, drove home, and called to report the damage.
¶5 Nicklaus observed that Pleau had watery eyes, slurred speech, unsteady balance, and alcohol on his breath. Nicklaus also noticed that Pleau had abrasions on his knees and a swollen wrist that appeared broken. Nicklaus believed these injuries would have been consistent with injuries from a hit-and-run accident. When Nicklaus asked if Pleau had been drinking at Lolli's, he admitted consuming three beers, including one just prior to leaving.
¶6 Nicklaus attempted to perform field sobriety tests on Pleau. When asked to perform the horizontal gaze nystagmus eye test, Pleau told the officer he was blind. When asked to perform the one-legged stand test, Pleau refused, claiming he had a bad back. When asked to recite the alphabet, Pleau said he did not know it. He was arrested for OWI, and a blood test revealed a blood-alcohol concentration of .201%. Pleau filed a motion to suppress, arguing Nicklaus had no probable cause for his arrest. The circuit court denied the motion, relying in part on the alleged call from the citizen informant. Pleau appeals.

Discussion
¶7 Probable cause to arrest exists when, at the time of the arrest, an officer has within his or her knowledge reasonably trustworthy facts and circumstances sufficient to warrant a reasonably prudent person's belief that the suspect has committed or is committing a crime. State v. Kiekhefer, 212 Wis. 2d 460, 484, 569 N.W.2d 316 (Ct. App. 1997). This is an objective standard; the officer's subjective opinion is irrelevant. Id. This court considers the information available to the officer from the standpoint of one versed in law enforcement. State v. Pozo, 198 Wis. 2d 705, 712-13, 544 N.W.2d 228 (Ct. App. 1995).
¶8 In reviewing a motion to suppress based on a lack of probable cause, we uphold the circuit court's fact-finding unless clearly erroneous. State v. Kutz, 2003 WI App 205, ¶13, 267 Wis. 2d 531, 671 N.W.2d 660. If the facts are not in dispute, or when we uphold the circuit court's facts, all that remains is the question whether the facts fulfill the probable cause standard. This court reviews that question de novo. Id.
¶9 Here, Pleau disputes the finding that there was a reliable citizen informant and the inferences the court drew from that finding. He claims the evidence suggests he was the only one who called the police. Most specifically, Pleau disputes the inference that he was the hit-and-run driver, which the circuit court relied upon to determine that Nicklaus had probable cause. Even if we disregard the court's findings relative to the citizen informant and use solely the facts that Pleau admits, it is evident that Nicklaus had probable cause to arrest him.
¶10 Pleau does not argue on appeal that Nicklaus unlawfully stopped him. Indeed, this argument would have little merit since Pleau invited the police to his home by calling to report the damage on his vehicle. Pleau does not dispute he displayed physical indicia of intoxicationwatery eyes, slurred speech, odorous breath, and unstable balance. Pleau does not dispute that he admitted drinking three beers, including one right before leaving the bar and driving home.
¶11 Pleau does not dispute that he had injuries to his knees and wrists. However, he contends he sustained these by being thrown out of the bar and, ostensibly, on the ground. Pleau does not dispute that he would not take the field sobriety tests but argues that Nicklaus still reported he was "cooperative." Further, Pleau suggests he was merely "say[ing] ... in colloquial jest" that he was blind.
¶12 Thus, at the time Nicklaus arrested Pleau, he had the following reasonably trustworthy facts at his disposal to justify an inference that Pleau had been driving while intoxicated. First, Nicklaus knew that Pleau exhibited four physical indicia of intoxication. See, e.g., State v. Kasian, 207 Wis. 2d 611, 622, 558 N.W.2d 687 (Ct. App. 1996).
¶13 Second, he knew that Pleau had refused to take the field sobriety tests. See State v. Babbitt, 188 Wis. 2d 349, 355-57, 525 N.W.2d 102 (Ct. App. 1994). Although Pleau claims Nicklaus's report characterizes him as cooperative, Pleau's refusal supports a reasonable inference that he feared the tests would demonstrate his intoxication. In any event, Nicklaus's subjective opinion is irrelevant. Kiekhefer, 212 Wis. 2d at 484.
¶14 Third, Nicklaus believed Pleau's injuries were consistent with those sustained in some sort of accident. While Pleau argues on appeal that he was injured when he was thrown out of the bar, Nicklaus testified at the motion hearing that Pleau never offered this explanation at the scene. In any event, when an officer is faced with two reasonable but competing inferences, one justifying arrest and one not, the officer is entitled to rely on the inference supporting the arrest. Kutz, 267 Wis. 2d 531, ¶12.
¶15 Fourth, Pleau admitted he had consumed three beersincluding one just before leaving the barand then driving home. He does not argue this admission was involuntary. All four factors taken together would lead a reasonable law enforcement officer to conclude Pleau had committed the offense of driving his vehicle while intoxicated.
¶16 Whether the circuit court was correct to find there was a citizen informant, and whether its subsequent inferences were proper, is irrelevant. Based solely on Pleau's own admissions, Nicklaus had probable cause for the arrest. The motion to suppress was therefore properly denied.
By the Court.  Judgment and order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.