# COURT OF APPEALS
# DECISION
# DATED AND FILED

## September 7, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1046-CR**

Cir. Ct. No. **2018CM2606**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

RANDARO V. JONES,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: DANIELLE L. SHELTON, Judge. *Affirmed*.

¶1 DUGAN, J.[1] Randaro V. Jones appeals from a judgment of the circuit court for one count of endangering safety by use of a dangerous weapon,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

while under the influence of an intoxicant. On appeal, Jones argues that the circuit court erroneously denied his motion to suppress blood test evidence, and he argues that the officer lacked probable cause at the time of the arrest that Jones was intoxicated. Upon review, this court concludes that the officer had probable cause, and therefore, the circuit court did not erroneously deny Jones's motion to suppress. Thus, this court affirms.

## BACKGROUND

¶2 At approximately 2 a.m. on March 28, 2018, Officer Andrew Wilkiewicz arrested Jones for "operating while intoxicated" (OWI) as a first offense. Jones was subsequently charged with one count of endangering safety by use of a dangerous weapon, while under the influence of an intoxicant.

¶3 Jones filed a motion to suppress the blood test evidence gathered following his arrest. In his motion, Jones argued that Officer Wilkiewicz lacked probable cause of his intoxication to arrest him, and therefore, the blood test evidence must be suppressed.[2] The circuit court held a hearing on the motion at which Officer Wilkiewicz testified regarding the circumstances surrounding Jones's arrest.[3]

---

[2] Jones initially raised several arguments in his motion to suppress. However, at the hearing on the motion to suppress Jones withdrew all of his arguments with the exception of his argument that the officer lacked probable cause for Jones's arrest for operating while intoxicated.

[3] The Honorable David L. Borowski presided over the hearing to address Jones's motion to suppress.

¶4      Officer Wilkiewicz testified that he was assigned to the "tavern car"[4] on March 28, 2018, and he was monitoring the 42nd Street Bar & Grill located at 4200 West Burleigh Street, Milwaukee at approximately 2 a.m. that day.  He testified that he saw "multiple individuals" enter a black Cadillac Escalade with distinctive tail lights and leave from the bar's parking lot.[5]  Moments later, Officer Wilkiewicz heard a gunshot, and he drove in the direction of the shots.  When he arrived at the scene—which was just a couple of blocks from the bar—he observed the same Escalade with the distinctive tail lights parked in the middle of the street with the engine still running.  An individual that he subsequently identified as Jones, was standing at the driver's side door, the door was open, and the driver's seat was empty.  There were no other people on the street, and the few other cars on the street were parked.

¶5      Officer Wilkiewicz testified that he activated his lights at that time, and Jones put his hands in the air.  Officer Wilkiewicz approached Jones, and he observed what he believed to be a spent shell casing on the ground near Jones.  He ordered Jones to his squad car and conducted a pat-down search for weapons.  As he conducted the pat-down search, Officer Wilkiewicz immediately noticed a scent of alcohol on Jones.  Because Officer Wilkiewicz had just observed the Escalade leave the parking lot of a bar and Jones smelled of alcohol, Officer Wilkiewicz believed Jones may be intoxicated.  Officer Wilkiewicz placed Jones in his squad car and approached the Escalade.

---

[4] At the hearing on the motion to suppress Officer Wilkiewicz testified that officers assigned to the "tavern car" check taverns, make sure that they are in compliance with all of their licenses, ordinances, routinely monitor them to make sure there is nothing egregious going on.

[5] At the time of Jones's arrest, there was one passenger in the Escalade.

¶6    Once Officer Wilkiewicz approached the Escalade, he confirmed that there was a spent shell casing on the ground and also observed a plastic cup with a straw, ice, and a brown liquid sitting in the driver's side cup holder of the Escalade.  Officer Wilkiewicz testified that the plastic cup appeared to contain a "watered-down cocktail."  He also smelled the contents of the cup, and it smelled of alcohol.  He then searched the vehicle, and he located a Glock with an extended magazine in the back pocket of the passenger seat.  At that point, Officer Wilkiewicz placed Jones in handcuffs, told Jones he was under arrest for "operating while intoxicated," and transported Jones to the station to conduct field sobriety tests.[6]  Officer Wilkiewicz further testified that he conducted the field sobriety tests at the station and not on the road because he believed Jones was a flight risk and he had instructions from his sergeant to conduct them at the station. Jones vehicle was towed following his arrest.

¶7    Following the officer's testimony, the circuit court described Jones's conduct that night as "incredibly suspicious," and denied Jones's motion.  Jones subsequently entered a no-contest plea to one count of endangering safety by use of a dangerous weapon, while under the influence of an intoxicant, and he now appeals the circuit court's denial of his motion to suppress.[7]

---

[6] There is no argument by the parties that Jones's arrest occurred at any other time, and therefore, this court accepts Jones was placed under arrest when he was handcuffed and placed in the squad car for the second time.

[7] The Honorable Danielle L. Shelton accepted Jones's no-contest plea and presided over Jones's sentencing.

## DISCUSSION

¶8      This court reviews a circuit court's denial of a motion to suppress evidence using two-step standard. *State v. Lonkoski*, 2013 WI 30, ¶21, 346 Wis. 2d 523, 828 N.W.2d 552. This court upholds the circuit court's findings of fact unless they are clearly erroneous, and this court reviews independently the application of the facts to the constitutional principles. *Id.*

¶9      Jones argues that the circuit court erroneously denied his motion to suppress the blood test evidence, and he contends that Officer Wilkiewicz "lacked a sufficient factual basis of evidence of impairment to form probable cause" for his arrest. Specifically, Jones contends that Officer Wilkiewicz did not have probable cause because he did not administer field sobriety tests at the scene, did not ask Jones if he had been drinking alcohol, did not observe that Jones had slurred speech, and did not observe that Jones was driving erratically. This court disagrees.

¶10      "Probable cause exists where the totality of the circumstances within the arresting officer's knowledge at the time of the arrest would lead a reasonable police officer to believe that the defendant probably committed a crime." *State v. Kennedy*, 2014 WI 132, ¶21, 359 Wis. 2d 454, 856 N.W.2d 834 (citation omitted). "The evidence need not be sufficient to show guilt beyond a reasonable doubt, nor even to prove that guilt is more probable than not." *State v. Truax*, 151 Wis. 2d 354, 360, 444 N.W.2d 432 (Ct. App. 1989). "The information need only lead a reasonable officer to believe that guilt is more than a possibility." *Id.* Probable cause "is neither a technical nor a legalistic concept," and it is "a flexible, common-sense standard." *State v. Pozo*, 198 Wis. 2d 705, 711, 544 N.W.2d 228 (Ct. App. 1995) (citation omitted). The probable cause standard is also "case-

specific." ***State v. Blatterman***, 2015 WI 46, ¶35, 362 Wis. 2d 138, 864 N.W.2d 26. This court reviews independently whether probable cause exists. ***State v. Lange***, 2009 WI 49, ¶20, 317 Wis. 2d 383, 766 N.W.2d 551.

¶11 While any of the indicators Jones identifies would undoubtedly contribute to a finding of probable cause, they are by no means a prerequisite for such a finding, and there are several recognized indicators of intoxication.[8] *See* ***State v. Tullberg***, 2014 WI 134, ¶35, 359 Wis. 2d 421, 857 N.W.2d 120 (recognizing bloodshot and glassy eyes as "one of several indicators of intoxication"). Indeed, "[t]he totality of the circumstances is the test," and while certain indicators of intoxication may "strengthen[] the existence of probable cause, such evidence is not required." *See* ***Lange***, 317 Wis. 2d 383, ¶37. In this case, there are sufficient other facts—indicators—of intoxication to establish probable cause, and this court concludes that Officer Wilkiewicz had probable cause to arrest Jones.

¶12 As established through Officer Wilkiewicz's testimony, the Escalade had just left the parking lot of a bar at 2 a.m., when Officer Wilkiewicz heard gunshots. Upon arriving at the scene just blocks from the bar, Officer Wilkiewicz observed Jones standing outside of that same Escalade on the driver's side. The driver's door was open, the driver's seat was empty, and the engine was still running. Officer Wilkiewicz approached Jones and, while conducting a pat-down

---

[8] This court further observes that our supreme court has repeatedly stated that there is no requirement to conduct field sobriety tests to establish probable cause that an individual is intoxicated. *See, e.g.*, ***State v. Kennedy***, 2014 WI 132, ¶21, 359 Wis. 2d 454, 856 N.W.2d 834 ("Wisconsin has no requirement that police must perform field sobriety tests in order to determine whether probable cause exists that a person is operating a vehicle under the influence of alcohol.").

search, immediately smelled an odor of alcohol on Jones. Officer Wilkiewicz subsequently approached the Escalade and observed what he confirmed was an alcoholic beverage in the driver's side cup holder.

¶13 A known visit to a bar, the odor of alcohol, and an alcohol container are "common indicators" of intoxication. *See **Lange***, 317 Wis. 2d 383, ¶¶21, 23. Additionally, "the time of night is relevant" as an indicator of "bar-time traffic." *See **id.***, ¶32. Thus, under the totality of the circumstances, common sense would dictate that there was more than a possibility that Jones was intoxicated. Consequently, this court concludes that these facts are sufficient to establish probable cause for Jones's arrest.

¶14 Jones relies on ***State v. Anker***, 2014 WI App 107, 357 Wis. 2d 565, 855 N.W.2d 483, to support the proposition that Officer Wilkiewicz lacked probable cause of intoxication to arrest him. However, this court concludes that ***Anker*** is inapplicable. At issue in ***Anker*** was whether the defendant "was arrested or merely subjected to a brief investigatory detention," not whether probable cause existed for the defendant's arrest. ***Id.***, ¶15. Whether Jones was arrested or detained is not at issue in this case, and the issue presented is whether Officer Wilkiewicz had probable cause to arrest Jones. ***Anker*** did not analyze the existence of probable cause because the State had conceded the point by failing to brief the issue. ***Id.***, ¶¶2-3, 13. Thus, this court concludes that ***Anker*** is inapplicable to the matter at hand and rejects Jones's reliance on it.

**CONCLUSION**

¶15 In sum, this court concludes that the circuit court did not erroneously deny Jones's motion to suppress the blood test evidence. This court further

concludes that Officer Wilkiewicz had probable cause to arrest Jones. Accordingly, this court affirms.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.