State of Wisconsin, Plaintiff-Respondent,
v.
Jay L. Krueger, Defendant-Appellant.
Nos. 2004AP586-CR, 2004AP587-CR
Court of Appeals of Wisconsin.
Opinion Filed: April 28, 2005.
Before Vergeront, Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
Jay Krueger appeals from an order denying his motion to correct the original judgments of conviction and from the amended judgments of conviction. We affirm.
¶2 In sentencing Krueger, the circuit court originally imposed a period of jail time, and also imposed fines. The court stated that if he did not pay the fines within a certain period after serving the jail time, he could satisfy the fines by spending one day in jail for every $25 unpaid, and that this jail time could be served concurrently with any other sentence Krueger might then be serving. The concurrency provision was not in the written judgments, however, and Krueger moved to correct the judgments to reflect that statement. At the hearing on that motion, the court noted that it lacked the authority to order that fines be satisfied by jail time. Therefore, instead of granting Krueger's motion, the court amended the judgment to provide him with an additional period of months to pay the fines.
¶3 On appeal, Krueger argues that the court violated his right to be free from double jeopardy by, in his view, effectively increasing his sentence, and that it was fundamentally unfair for the court to do so. The State responds that Krueger waived these issues by not raising them first in the circuit court. We agree with the State. The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal, and even a claim of a constitutional right will be deemed waived unless timely raised in the circuit court. State v. Caban, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997). The policy reasons underlying the rule include encouraging litigation of all issues at one time, simplifying the appellate task, and discouraging a flood of appeals. Therefore, when a party seeks review of an issue that it failed to raise before the circuit court, issues of fairness, notice, and judicial economy are raised. Id. at 604-05.
¶4 In this case, Krueger did not object to the court's amendment of the judgment when the court announced its intent to make the amendment now complained of. Nor did Krueger raise the constitutional issues in the circuit court by filing a motion for reconsideration or otherwise bringing the claimed error to the circuit court's attention. Under these circumstances, we decline to address the constitutional issues raised for the first time in this court.
By the Court.  Judgments and order affirmed.