DUGAN, J.[1]
¶1 Alice M. Fischer appeals the judgment of conviction entered, following a jury trial, for one count of operating a motor vehicle while intoxicated (OWI) as a third offense and one count of operating with a prohibited alcohol level as a third offense.[2] Fischer also appeals the order denying her postconviction motion.
¶2 The sole issue on appeal is whether the postconviction court erred when it denied Fischer's postconviction motion that claimed trial counsel failed to provide effective representation because trial counsel did not investigate the background of a sergeant with the Milwaukee County Sheriff's Office who testified at trial.[3] We conclude that because Fischer did not allege sufficient facts that, if true would entitle her to relief, the trial court properly denied the motion without a hearing. Therefore, we affirm.
¶3 The following facts provide helpful background. Additional relevant facts are included in our discussion.
BACKGROUND
¶4 On July 19, 2014, Milwaukee County Deputy Sheriff Donnie Rutter arrested Fischer for OWI as a third offense. The arrest resulted from an investigation that began when Milwaukee County Sergeant Matthew Paradise came across Fischer in a car that was stopped amid freeway traffic.
¶5 Subsequently, Fischer was charged with OWI, as a third offense, and operating with a prohibited alcohol concentration, as a third offense. Although Fischer appeared without counsel at her initial appearance, subsequently, she was represented by trial counsel.
¶6 During October 2015, the case was tried to a jury and resulted in a mistrial. Then, a two-day jury trial was conducted in June 2016, during which, Fischer was represented by trial counsel and a second attorney.
¶7 At the June 2016 trial, Paradise testified that on July 19, 2014, at approximately 7:58 p.m., while when he was transporting two children to a police substation, he observed Fischer's immobile car in one of the two westbound lanes of Interstate 794 West. He activated his emergency lights, pulled up behind the car, and saw a female, later identified as Fischer, exit the driver's side of the car, walk around the front of the car and into the distress lane where she appeared to be picking up something. Using his squad's public address system, Paradise said "ma'am." Fischer appeared startled, walked up to the passenger side window of the squad, and Paradise asked her, "What is wrong?" Fischer responded in a "heavy, slurred voice, 'I can't get it into gear.' " Paradise asked Fischer whether she had been drinking and she responded, "Yeah, but that is not why I can't get it into gear."
¶8 Concerned that the children in the squad car were in danger on the expressway, Paradise told Fischer that he was going to get someone to help her and that she should go sit in her car. Paradise called for another squad for a possible OWI arrest. When he learned that no other squad was nearby, Paradise decided that he would have to push Fischer's vehicle out of traffic and into the distress lane. Paradise testified that when he approached Fischer's car to explain what he intended to do, he saw that the instrument panel was illuminated which lead him to believe that the key was in the ignition. He then concluded that her steering wheel column was not locked and Fischer could steer her car off the roadway as he pushed it with his squad. Paradise then used his squad car to push Fischer's vehicle into the distress lane. He waited at the scene until deputies Frederick Gladney and William Theep arrived, and then left to go to the substation.
¶9 Rutter, who arrived after the two other deputies, testified that he spoke to Fischer and noted she demonstrated signs of possible alcohol impairment. He then asked Fischer to perform field sobriety tests. She exhibited signs of impairment on two of the tests, and became argumentative during a third test and was unable to complete it. Based on his observations, Rutter arrested Fischer and transported her to a hospital where she consented to having her blood drawn.
¶10 Kimberle Glowacki, the Wisconsin Laboratory of Hygiene analyst who ran the test on Fischer's blood, testified that the sample contained an alcohol concentration of .205 grams per milliliter.
¶11 Fischer did not testify, but called Tyler Gerber and Nathan Crean-Williams to testify. Gerber, a friend of Fischer, testified that because Fischer was having clutch issues, he arranged to meet her at a bar on the eastside of Milwaukee to look at her car. His friend, Kelly Greinke, went with him. Gerber got into Fischer's car and drove toward Miller Park to test-drive the car. Fischer was in the passenger seat and Greinke was following in Gerber's car. While they were on the expressway, Fischer's car became disabled and Gerber pulled into the distress lane in front of some construction barrels. Fischer said that she was going to stay with the car and wait for roadside assistance. Gerber did not want to wait and left with Greinke.
¶12 Crean-Williams testified that he worked with Fischer and on July 19, 2014, he and Fischer went to a bar after work, where Fischer waited for a mechanic to come and test-drive her car. When the mechanic and his friend arrived, Fischer and the mechanic drove off in her car, with the mechanic driving. The mechanic's friend followed them in the mechanic's car.
¶13 The jury returned guilty verdicts as to both counts. The trial court imposed a sentence of four months in the House of Correction.
¶14 Fischer filed a postconviction motion asserting that trial counsel was ineffective because she failed to investigate Paradise's background.
¶15 The postconviction court denied the motion. This appeal followed.
DISCUSSION
¶16 "Wisconsin has adopted the United States Supreme Court's two-pronged Strickland test to analyze claims of ineffective assistance of counsel." State v. Williams , 2015 WI 75, ¶74, 364 Wis. 2d 126, 867 N.W.2d 736. See also Strickland v. Washington , 466 U.S. 668 (1984). "To prevail under Strickland , a defendant must prove that counsel's representation was both deficient and prejudicial." Williams , 364 Wis. 2d 126, ¶74. "[A] defendant who alleges a failure to investigate on the part of his or her counsel must allege with specificity what the investigation would have revealed." State v. Thiel , 2003 WI 111, ¶44, 264 Wis. 2d 571, 665 N.W.2d 305 (citation omitted).
¶17 "[A] postconviction motion for relief requires more than conclusory allegations." State v. Allen , 2004 WI 106, ¶15, 274 Wis. 2d 568, 682 N.W.2d 433. "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." Id. , ¶14. See also State v. Wesley , 2009 WI App 118, ¶23, 321 Wis. 2d 151, 772 N.W.2d 232. "When an issue of ineffective assistance of counsel is intertwined, the movant must also allege a prima facie claim of ineffective assistance of counsel, showing that counsel's performance was deficient and that this deficient performance prejudiced the movant." Wesley , 321 Wis. 2d 151, ¶23 (italics added).
To establish deficient performance, the movant must show facts from which a court could conclude that counsel's representation was below the objective standards of reasonableness.... To establish prejudice, the defendant must show facts from which a court could conclude that its confidence in a fair result is undermined.... If the motion raises such facts, the [postconviction] court must hold an evidentiary hearing.
Id . (citations omitted). The determination of whether a motion sets forth sufficient facts to allege a prima facie case of ineffective assistance of counsel is a question of law that we review de novo . See id. "If, however, the record conclusively demonstrates that the movant is not entitled to relief, the [postconviction] court has the discretion to grant or deny a hearing." Id.
¶18 Fischer's postconviction motion makes the conclusory allegation that
[p]rior to July 19, 2014 Sergeant Paradise was involved in a cover-up in 2013 which resulted in a false drunk driving allegation for Ms. Tanya Weyker. In the civil rights case Tanya Weyker v. Deputy Joseph Quiles, Deputy Scott Griffin, Deputy Byron Terry, Sgt. Matthew Paradise, Sherriff [sic] David Clarke Jr. and Milwaukee County , it was argued that Sergeant Paradise conspired with fellow law enforcement officers who willfully facilitated, contributed, or participated in the generation of post-occurrence police reports containing false and inaccurate information, including falsely indicating that Plaintiff had violated traffic regulations and was operating her vehicle while intoxicated.
Fischer's motion also states that "repeatedly, she made trial counsel aware of Sergeant Paradise's credibility claims, but this was never investigated or presented at trial." Fischer asserted she was denied effective assistance of counsel because trial counsel failed to conduct reasonable investigation, which would have provided information which could have been used to impeach Paradise's credibility.
¶19 To obtain an evidentiary hearing, a postconviction motion should satisfy "the five 'w's' and one 'h' " test; "that is, who, what, where, when, why, and how." See Allen , 274 Wis. 2d 568, ¶23. A motion provides "sufficient material facts," if it provides the name of the witness (the who), the reason the witness is important (the why and the how), and facts that can be proven (the what, where and when). See id. , ¶24.
¶20 In this case, Fischer's motion did not provide any additional information regarding her claim that if trial counsel investigated Paradise's background, she would have obtained impeachment evidence. Fischer does not identify any witness who would testify that Paradise was involved in a cover-up in 2013 that resulted in the false drunk driving allegation against Weyker. The remainder of Fischer's motion summarizes arguments that she alleges were made in Weyker's civil rights action; however, arguments are not facts. Fischer's motion does not disclose whether any of the allegations against Paradise were proved during the litigation process, the outcome of the litigation, or any evidence relating to this claim (the what, where, and when). As succinctly stated by the postconviction court, the mere fact that someone else made an allegation in a civil rights lawsuit is not admissible impeachment evidence. Further, Fischer failed to specify what admissible facts she believes trial counsel should have uncovered in order to impeach Paradise. We agree.
¶21 We conclude that Fischer did not present sufficient facts that would allow the postconviction court to meaningfully assess her claim that trial counsel was ineffective because she failed to investigate Paradise. Therefore, the trial court properly exercised its discretion in denying her motion without a hearing. See Wesley , 321 Wis. 2d 151, ¶23. Based on the foregoing, we affirm the postconviction court's order.
CONCLUSION
¶22 For the above reasons, the judgment and order are affirmed.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)(4).

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Fischer had two jury trials. The first jury trial, presided over by the Honorable Janet C. Protasiewicz, resulted in a mistrial. The Honorable Michael J. Hanrahan presided over Fischer's second jury trial. As the successor to Judge Hanrahan's misdemeanor calendar, the Honorable Hannah C. Dugan presided over the postconviction motion proceedings. For clarity, we refer to Judge Hanrahan as the trial court and Judge Dugan as the postconviction court. We also note that there is no familial relationship between this court and the postconviction court.

During the course of the proceedings, Fischer was represented by several attorneys. However, she identifies by name the attorney whom she contends provided ineffective representation. We refer to that attorney as trial counsel.
Fischer also alleges, on appeal, that trial counsel was ineffective because she advised Fischer not to testify at the second trial. However, this allegation was not included in Fischer's postconviction motion. See State v. Caban , 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) ("The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal.") Additionally, Fischer does not develop any argument. "We cannot serve as both advocate and judge" and, therefore, we decline to address the allegation. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).