STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Marty R. CABAN, Defendant-Appellant.

Supreme Court

*No. 94–1015–CR. Oral argument January 29, 1997.—Decided June 12, 1997.*

(Also reported in 563 N.W.2d 501.)

598

For the plaintiff-respondent-petitioner the cause was argued by *Diane M. Nicks*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the defendant-appellant there was a brief by *Katherine R. Kruse* and *University of Wisconsin Law School, Criminal Appeals Project* and oral argument by *Katherine R. Kruse*.

¶ 1.   WILLIAM A. BABLITCH, J.   The State of Wisconsin (State) seeks review of a court of appeals' decision which held the police did not have probable cause to search a vehicle belonging to Marty R. Caban (Caban). *State v. Caban*, 202 Wis. 2d 417, 551 N.W.2d 24 (1996). The State argues that even though there was probable cause to search Caban's vehicle, Caban did not raise the issue of probable cause to search the vehicle at the circuit court and is therefore precluded from raising it on appeal. We agree that Caban waived the issue of probable cause to search the vehicle and accordingly reverse the court of appeals.

¶ 2.   The facts derived from the complaint are as follows: On March 31, 1993, Caban drove to the home of his friends, Fred and Denise Hollingsworth. Upon arriving at the Hollingsworth home, Caban parked his car just south of their driveway, on a public street.

¶ 3.   Unbeknownst to Caban, the Hollingsworth residence was under surveillance at the time by the Rock County Metro Narcotics Unit (Narcotics Unit) in preparation for the execution of a search warrant. The search warrant specifically targeted the Hollingsworth apartment, its residents, Fred and Denise Hollingsworth, and any vehicles located on the premises. Neither Caban nor his vehicle was named in the search warrant.

¶ 4.   A surveillance officer observed Caban park his automobile and then enter the Hollingsworth residence. The officer did not observe Caban carrying anything into the residence, but the officer noted that Caban was wearing a dark, ankle-length coat. Minutes after Caban entered the apartment, members of the Narcotics Unit entered the residence to execute the search warrant. Inside the Hollingsworth home, Narcotics Unit officers found Fred and Denise

Hollingsworth, their three children, and Caban. They also discovered a ziplock baggie containing 29.9 grams of marijuana. Hollingsworth acknowledged that the marijuana belonged to him, but told the police that, just prior to the execution of the warrant, Caban had come by and asked if he wanted to purchase any marijuana. Hollingsworth further advised the officers that he had purchased marijuana from Caban several times in the past.

¶ 5.   The officers forced Caban to the floor and placed him in hand restraints. After the occupants of the residence were secured, Narcotics Unit Detective Richard J. Mussey commented that he recognized Caban from the scene of a previous Narcotics Unit search. While Caban was secured in hand restraints, Detective Mussey searched him to assure the safety of the officers. This search produced no weapons and no contraband. However, in Caban's pockets, Detective Mussey discovered $1199.00 in United States currency.

¶ 6.   Detective Mussey then ordered Deputy Hoerler of the Rock County Sheriff's Department to search Caban's vehicle. The officers at the scene made no attempt to obtain a search warrant for Caban's vehicle. Caban was not asked, nor did he consent to the search of his vehicle. No other vehicles were searched pursuant to the search warrant for the Hollingsworth residence.

¶ 7.   Acting on the orders of Officer Mussey, Deputy Hoerler searched the entire unlocked interior and the locked trunk of Caban's vehicle while it was parked unattended at the curb. Deputy Hoerler recovered a black plastic bag from the front passenger floor area of the vehicle which she turned over to Drug Unit Officer Niman. Inside the bag were two clear plastic bags of

marijuana, one weighing 19.6 grams and the other weighing 28.4 grams. Officer Niman seized the marijuana.

¶ 8. ˙ After the officers discovered the marijuana in Caban's vehicle, he was placed under arrest. Subsequently, Caban was charged with possession of a controlled substance with intent to deliver pursuant to Wis. Stat. § 161.41(1m)(b) (1993–94).[1] Caban filed a pre-trial motion to suppress as evidence the marijuana found during the search.

¶ 9. The written motion, cited in relevant part below,[2] asserts a broad Fourth Amendment challenge to the automobile search. However, Caban's motion did

---

[1] All future statutory references are to the 1993–94 volume unless otherwise indicated.

[2] The defendant, Marty R. Caban, by his counsel, hereby moves the Court to suppress as evidence certain property seized by the Rock County Metro Narcotics Unit and Janesville Police Department on the 31st of March, 1993, from a 1982 Dodge automobile, titled in the name of the defendant herein, for the following reasons:

1. That on or about the time of the seizure, the Rock County Metro Unit was in the process of executing a search warrant at 1300 Hamilton Avenue, Janesville, Rock County, Wisconsin, which was the residence at said time of a Fred Hollingsworth, and whose residence and property was the specific subject matter of the search warrant, and identified therein. That the defendant, Marty R. Caban, was not identified in the search warrant, nor was any property or residence belonging to him described therein.

2. That the property seized in conjunction with the search of the Hollingsworth residence, was not done with lawful authority and was in violation of the defendant's rights as set forth in the U.S. Constitution, Article IV, of the Amendments thereto, and Article I, Section 11 of the Wisconsin Constitution.

3. That the property seized from the automobile of the defendant was the result of an unlawful and illegal arrest.

4. That the vehicle from which the property was seized was not occupied by the defendant nor any person at the time of the seizure, nor was he in any close proximity thereto, and in addition,

not include a request to suppress the evidence on the ground that there was no probable cause for the search of his vehicle.

¶ 10.  On October 25, 1993, a suppression hearing was held on the motion in the Rock County Circuit Court, Judge Michael J. Byron, presiding. At the suppression hearing, defense counsel's questioning and argument did not pursue the issue of probable cause for the search of the automobile and at various times attempted to prevent the prosecution from doing so by raising objections to questions from the State going to the issue of probable cause to search the vehicle. The thrust of the defendant's questioning and argument was that the search of Caban's vehicle was not incident to a lawful arrest, nor was it within the scope of the search warrant for the Hollingsworth residence.

¶ 11.  The circuit court, finding probable cause for Caban's arrest, denied Caban's motion to suppress. Caban pled guilty and was convicted. He appealed.

¶ 12.  At the court of appeals, Caban argued for the first time that the officers lacked the requisite probable cause to search his vehicle and, accordingly, evidence of the marijuana seized during the search was inadmissible. The State argued that Caban had waived his right to appeal the issue of probable cause by failing to raise it at the trial level. Although two members of the court of appeals agreed with the State, a different plurality agreed to hear Caban's appeal. In his dissent, Judge Dykman concluded that Caban had neither specifically raised probable cause to search the vehicle, nor had his broad Fourth Amendment challenge raised the issue. In his concurrence, Judge Gartzke agreed, but

the vehicle did not, in and of itself, pose any threat or danger to any law enforcement officers at the scene.

R:9–1.

concluded that the court of appeals could properly use its power of discretionary review in this case because the circuit court raised the issue *sua sponte* and the facts were sufficiently developed to decide whether probable cause existed. Judge Sundby, author of the majority opinion, concluded that Caban had preserved his right to appeal the issue of probable cause to search the vehicle by raising a broad Fourth Amendment challenge before the circuit court. Upon review, the court of appeals concluded that the police did not have probable cause to search Caban's automobile, and reversed Caban's conviction. We reverse the court of appeals and remand for reinstatement of Caban's conviction.

¶ 13.   This case presents two issues for review: (1) whether Caban raised the issue of probable cause to search his automobile before the circuit court, thus preserving his right to appeal that issue; and if not, (2) whether this court will employ its power of discretionary review to consider the issue of probable cause.

¶ 14.   Both issues involve the scope of appellate review. The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal. *State v. Gove*, 148 Wis. 2d 936, 940–41, 437 N.W.2d 218 (1989). This court has frequently stated that even the claim of a constitutional right will be deemed waived unless timely raised in the circuit court. *Id.* The party raising the issue on appeal has the burden of establishing, by reference to the record, that the issue was raised before the circuit court. *Young v. Young*, 124 Wis. 2d 306, 316, 369 N.W.2d 178 (Ct. App. 1985).

¶ 15.   The reasons for the waiver rule go to the heart of the common law tradition and the adversary system. By limiting the scope of appellate review to

those issues that were first raised before the circuit court, this court gives deference to the factual expertise of the trier of fact, encourages litigation of all issues at one time, simplifies the appellate task, and discourages a flood of appeals. David L. Walther, Patricia L. Grove, Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin*, § 3.2 (1995). Thus, when a party seeks review of an issue that it failed to raise before the circuit court, issues of fairness and notice, and judicial economy are raised.

¶ 16. In examining whether Caban raised the issue of probable cause to conduct the automobile search, we look first to whether he raised the issue in his written motion.[3] Wisconsin law requires movants to "[s]tate with particularity the grounds for the motion. . . ." Wis. Stat. § 971.30(2)(c). The rationale underlying § 971.30's particularity requirement is notice - notice to the nonmoving party and to the court of the specific issues being challenged by the movant. Both the opposing party and the circuit court must have notice of the issues being raised by the defendant in order to fully argue and consider those issues. *See* Robert J. Martineau, *Considering New Issues on*

---

[3] On the morning of oral arguments, Caban circulated a memo to this court positing that the distinction drawn between issue and argument in *State v. Weber*, 164 Wis. 2d 788, 476 N.W.2d 867 (1991) is significant to this case. We disagree. *Weber* involved an interpretation of Wis. Stat. § 809.62, the rule governing petitions for review to this court. The issue in *Weber* was whether an issue had been raised in the petition for review. In *Weber*, the court took a broad view of the term "issue." Because of the different context, and therefore different interests involved, the distinctions in *Weber* do not apply to the waiver rule. Motions must be stated and argued with particularity.

*Appeal: The General Rule and the Gorilla Rule*, 40 Vand. L. Rev. 1023, 1029 (1987). Neither the principle of notice, nor Wis. Stat. § 971.30 makes an exception for motions raising Fourth Amendment challenges.

¶ 17. Therefore, in order to raise the issue of probable cause in his written motion, Caban was required to state with particularity, i.e., specifically assert, that the police lacked probable cause to search his automobile. This he failed to do. Caban's motion states several other Fourth Amendment issues with varying degrees of particularity, but not the issue of probable cause to search the vehicle. Accordingly, we conclude that Caban's written motion failed to state the issue of probable cause with particularity as required by Wis. Stat. § 971.30(2).

¶ 18. Our analysis does not end with the written motion. Caban did not waive the right to argue the issue of probable cause on appeal merely by his failure to raise that specific issue in his written motion. In determining whether an issue was raised before the circuit court, we look to both the motion and to the suppression hearing. *State v. Santiago*, 206 Wis. 2d 3, 25–26, 555 N.W.2d 687 (1996). Accordingly, we turn our attention next to the suppression hearing.

██

¶ 19. A brief review of the law of search and seizure gives perspective to our analysis. The Fourth Amendment protects "(t)he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ." A warrantless search is unreasonable per se. *State v. Johnston*, 184 Wis. 2d 794, 518 N.W.2d 759 (1994). However, the law recognizes an "automobile exception" to the Fourth Amendment warrant requirement. *State v. Weber*, 163 Wis. 2d 116, 471 N.W.2d 187 (1991), *cert.*

*denied*, 114 S.Ct. 1865 (1994); *State v. Tompkins*, 144 Wis. 2d 116, 423 N.W.2d 823 (1988). The warrantless search of an automobile is justified when the police have probable cause to believe that an automobile, found in a public place, contains evidence of a crime; no showing of exigent circumstances is required. *Weber*, 163 Wis. 2d at 137. Thus, the police could conduct a search of Caban's automobile so long as it was in a public place and they had probable cause to believe that it held evidence of a crime. Now we turn to the suppression hearing.

¶ 20. At the suppression hearing, defense counsel essentially argued only two issues: (1) the police did not have a search warrant to search Caban's automobile for controlled substances, and (2) there were no exigent circumstances justifying a warrantless search. A careful perusal of the testimony at the suppression hearing reveals that at no time during cross-examination of the State's witnesses, direct examination of his own witness, or closing arguments to the court did Caban raise the issue of probable cause to search the vehicle. Of particular note, showing that Caban's only arguments addressed the issues of lack of a warrant and lack of exigent circumstances, is Caban's closing argument to the circuit court, quoted in full:

> Obviously the Hollingsworths were the targeted people in terms of this search warrant. It was their premises, and the vehicle's [sic] parked on their premises. Mr. Caban was not mentioned nor his vehicle mentioned in the search warrant. He did not consent to the search. The car, we believe, was parked off the premises of the Hollingsworths. It was not a threat to any law enforcement person. There was no exigent circumstances whatever that may or may not be these days. He was not operating

607

or behind the vehicle at the time that they went to it and proceeded to search it. It was not pursuant, for example, to a traffic arrest or stop. They could have obtained a search warrant. Telephonic search warrant's a term I've just recently heard. There obviously must be one if I've heard it somewhere.

In any event, they could have obtained a search warrant very easily for the vehicle. It was not a threat to anyone. They could have waited and done their search at that time. He did not—he was not even present during the search. He was arrested even before anything happened for something. We're not sure what he was arrested for, except that, as it turns out, he was not arrested for any possession of controlled substance on the premises.

So the arrest perhaps is somewhat questionable, other than he was in the vicinity of what obviously were controlled substances that the Hollingsworths had. I think that the state in this instance really should have obtained a search warrant before they proceeded to look in the vehicle. He's on probation. Perhaps even the probation agent could have directed that that be done, directed Mr. Caban to consent to it. They have a lot of authority once they're on probation. But that was not done here either. And it seems to me that this just went too far when they're searching any vehicle parked somewhere on the street.

R:38 at 59–61. As can be seen from Caban's closing arguments, he failed to raise the issue of probable cause to search the vehicle.

¶ 21.   We conclude, given the above, that by his silence, both in his motion and at the suppression hearing, Caban failed to raise the issue of probable cause to search the vehicle before the circuit court; therefore, we hold that he waived his right to appeal that issue.

¶ 22. The rule of waiver is one of judicial administration and does not limit the power of an appellate court in a proper case to address issues not raised in the circuit court. *Wirth v. Ehly*, 93 Wis. 2d 433, 444, 287 N.W.2d 140 (1980). This court has the power in the exercise of its discretion, to consider issues raised for the first time on appeal. *Arsand v. City of Franklin*, 83 Wis. 2d 40, 55, 264 N.W.2d 579 (1978). Our power of discretionary reversal is governed by statute. Wisconsin Stat. § 751.06 provides:

> **Discretionary reversal.** In an appeal in the supreme court, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record, and may direct the entry of the proper judgment or remit the case to the trial court for the entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

¶ 23. Thus, a circuit court order may be reversed in either of two situations: (1) whenever it is probable that justice has for any reason miscarried; or (2) whenever the real controversy has not been fully tried. *State v. Wyss*, 124 Wis. 2d 681, 735, 370 N.W.2d 745 (1985), *overruled on other grounds*, *State v. Poellinger*, 153 Wis. 2d 493, 506, 451 N.W.2d 752 (1990). Separate criteria exists for determining each of these two distinct situations.

609

¶ 24. We begin our analysis by considering whether it is probable that a miscarriage of justice has occurred. The grounds for ordering a discretionary reversal under this circumstance have been clearly stated by this court. In order for us to exercise our discretion and order a new hearing on the issue of probable cause, we must first determine whether there is a "substantial degree of probability that a new [hearing] would produce a different result." *Wyss*, 124 Wis. 2d at 734. Despite Caban's failure to raise the issue at the suppression hearing, the circuit court found that the officers had probable cause to arrest Caban and search his automobile. Without determining the issue of whether the police had probable cause to search Caban's vehicle, a careful review of this entire record does not persuade us that a "substantial degree of probability" exists that a new hearing would produce a different result.

¶ 25. Alternatively, there may be a discretionary reversal whenever the real controversy has not been fully tried. In this circumstance, the court may reverse even though it cannot conclude to a substantial degree of probability that a new hearing would produce a different result. *Wyss*, 124 Wis. 2d at 735. Generally, the real controversy is not fully tried when the fact finder did not hear all the relevant evidence. *Id.* at 746.

■

¶ 26. Again without determining the issue of probable cause to search the vehicle, a careful review of this entire record persuades us that the circuit court did hear all the relevant evidence. We conclude that if the issue of probable cause has not been fully tried, it is only because of defense counsel's objections to the admission of probable cause evidence, and defense counsel's failure to introduce evidence contrary to a

finding of probable cause. Accordingly, we conclude that this is not an appropriate case in which to use our power of discretionary reversal under Wis. Stat. § 751.06.

¶ 27.   In sum, we hold that, in order to challenge the constitutionality of the automobile search on probable cause grounds, Caban has the burden of establishing, by reference to the record, that he raised the issue before the circuit court. In making this determination, we consider both the written motion and the motion hearing. We conclude that, by his silence, Caban failed to raise the issue of probable cause to search the vehicle before the circuit court; therefore, we hold that he waived his right to appeal that issue. We further conclude that justice does not warrant discretionary review of the issue of probable cause. Accordingly, we reverse the court of appeals and remand for reinstatement of Caban's conviction.

*By the Court.*—The decision of the court of appeals is reversed and cause remanded.

¶ 28.   SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE (*dissenting*). The problem with this case, as the State's brief explains, is that "[a]t the suppression hearing, the defense and the prosecution could have been two ships passing in the night." Brief for State at 11. I agree with the State's characterization of the suppression hearing. Apparently so did the court of appeals. This record produced three opinions in the court of appeals: the "lead opinion" by Judge Sundby, a concurrence by Judge Gartzke, and a dissent by Judge Dykman. *State v. Caban*, 202 Wis. 2d 417, 551 N.W.2d 24 (Ct. App. 1996).

¶ 29.  I would dismiss this petition as improvidently granted. I believe the court of appeals did not erroneously exercise its appellate discretion in reviewing the merits of the defendant's probable cause challenge despite its finding that the defendant had waived the issue of probable cause.

¶ 30.  Furthermore, I do not think this court can, on this record, add anything to the body of law about probable cause, so I would not review the court of appeals' decision on this issue, regardless of whether I agreed or disagreed with it.

¶ 31.  I will first discuss how this court should review the court of appeals' discretionary decision to address the issue of probable cause to search the defendant's car. I will then discuss various approaches the court might take to determine whether the defendant in this case "waived" or "conceded" the probable cause issue, were it appropriate to reach this issue.

I.

¶ 32.  The State presented the following issue in its petition for review: "When a defendant concedes probable cause in the trial court, challenging a search solely on the ground that a warrant was required because there were neither exigent circumstances nor consent, may the defendant challenge probable cause in his appeal?"

¶ 33.  As a general matter, when a party fails to raise an issue in the circuit court, the issue will not be considered as a matter of right for the first time on appeal. *Binder v. Madison*, 72 Wis. 2d 613, 618, 241 N.W.2d 613 (1976). The rule of waiver is, however, a rule of administration and the rule does not limit an appellate court's power to address the issued waived.

Majority op. at 610; *Wirth v. Ehly*, 93 Wis. 2d 433, 444, 287 N.W.2d 140 (1980).

¶ 34.   The State prevailed on the issue of concession or waiver in the court of appeals. Two judges of the court of appeals, Judge Gartzke in concurrence and Judge Dykman in dissent, found that the defendant had waived his challenge to the existence of probable cause to support the search and thus lost his right to appeal. These two judges agreed that the court of appeals could nevertheless address the issue as a matter of discretion, but they disagreed whether the court of appeals should reach the issue. A different pair of judges, however, concluded that the court of appeals should review the merits of the issue, Judge Sundby in the lead opinion recognizing the defendant's right of appeal, and Judge Gartzke in concurrence recognizing that the court could review the issue as a matter of appellate discretion. Thus, in effect, the court of appeals addressed the issue of probable cause as a matter of discretion. Neither the parties nor the majority opinion suggests that the court of appeals had no such discretion.

¶ 35.   The supreme court has emphatically stated that it is reluctant to interfere with a court of appeals' exercise of discretion and will ordinarily refrain from reviewing a discretionary determination of the court of appeals. *State v. McConnohie*, 113 Wis. 2d 362, 369–72, 334 N.W.2d 903 (1983). Were this court to review a discretionary decision of the court of appeals, the standard of review would be whether the court of appeals had erroneously exercised its discretion. *Id.* at 368.

¶ 36.   Thus in order to reverse the court of appeals decision in this case on the ground that the defendant waived or conceded the issue of probable cause, the court must first find that the court of appeals

erroneously exercised its discretion in addressing the issue of probable cause, and only then should it decide whether the defendant failed to preserve his right to appeal that issue.

¶ 37. The majority opinion, however, fails to review the court of appeals' discretionary decision to reach the issue of probable cause. I can find no erroneous exercise of discretion by the court of appeals in deciding to reach that issue. I believe that waiver has ceased to be an issue in this case because the court of appeals properly exercised its discretion to look beyond the waiver to the merits of the defendant's constitutional claim. I therefore conclude that the majority opinion errs in deciding whether the defendant waived or conceded the issue of probable cause.

¶ 38. Under these circumstances, I believe the proper disposition is to dismiss the petition as improvidently granted. Because waiver has ceased to be an issue absent erroneous exercise of appellate discretion, all that remains is the issue of probable cause. Were we to review the court of appeals' disposition of the probable cause issue, we would be acting outside our principal function as a law defining and law developing court. *Cook v. Cook*, 208 Wis. 2d 166, 188–89, 560 N.W.2d 246 (1997). The law on probable cause is clear; the task of the circuit court and court of appeals is to apply the rules of law to specific fact situations. Were we to rule on probable cause we would be performing merely an error correcting function which as we have said numerous times, is not the function of this court but is the principal function of the court of appeals. *State v. Minued*, 141 Wis. 2d 325, 327–28, 415 N.W.2d 515 (1987) (per curiam) (dismissing as improvidently granted; "Review in the present case by this court [of the issue of sufficiency of the evidence to warrant a jury

instruction] is inappropriate because it would amount to a review for correctness"); *McConnohie*, 113 Wis. 2d at 370–71.

## II.

¶ 39.  Although I believe we should not address probable cause and we may not address waiver absent a finding that the court of appeals erroneously exercised its appellate discretion, I add some thoughts on the application of waiver principles to the somewhat confused record in this case.

¶ 40.  I begin by stating what I believe distinguishes this purported waiver from most. In this case the defendant does not simply claim for the first time on appeal that there was no probable cause. Rather, the defendant objects to the dispositive holding of the circuit court that there was probable cause. Although the defendant did not raise the issue of probable cause in the circuit court, it appears that it was both raised and ruled upon by the circuit court.[1] Indeed, it became the sole dispositive legal issue in the case.

¶ 41.  Both the court of appeals (except for Judge Sundby) and the majority opinion conclude that the defendant has lost his right to appeal the issue of probable cause under these circumstances. I do not believe that either the court of appeals or the majority opinion has fully analyzed the waiver question.

¶ 42.  To explain my concern, I turn to the record and examine the positions of the State, the defendant and the circuit court. I then discuss the legal issues of waiver and concession.

---

[1] It is arguable that the State raised the issue of probable cause in the circuit court. The key, in any event, is that probable cause was the only dispositive legal issue on which the circuit court ruled.

## A.

¶ 43. At the suppression hearing before the circuit court, neither the State's nor the defendant's position rested on probable cause. Both the State and the defendant relied on arguments other than probable cause to support their positions on the validity of the search of the defendant's car.

¶ 44. In the circuit court the State advanced two chief theories to justify the search of the defendant's car. First, the State argued that because the defendant's car was on the Hollingsworth premises, it was within the ambit of the search warrant. Second, the State argued that the search of the defendant's car was a valid search incident to the defendant's arrest. In addition, the State put forth evidence which might show the existence of probable cause either to arrest the defendant or to search his car.

¶ 45. In his motion to suppress the evidence seized from his car the defendant raised a general claim that the seizure of the marijuana found in the search of his car "was not done with lawful authority and was in violation of the defendant's rights as set forth in the U.S. Constitution, Article IV" and article I, section 11 of the Wisconsin constitution.[2] Both in his

---

[2] The burden is on the State to prove that its officers complied with the Fourth Amendment when a defendant alleges otherwise. The question is what degree of specificity should the courts require of the defendant in asserting objections to the introduction of the evidence when the defendant cannot depose the State's witnesses.

This court has held that raising the issue of the Fourth Amendment in a petition for review in an automobile search case preserves for purposes of review any argument addressing the issue. *State v. Weber*, 164 Wis. 2d 788, 789–91, 476 N.W.2d 867 (1991).

motion to suppress and in his arguments before the circuit court, the defendant contended that the car was not included in the search warrant and further asserted the following: the car was not occupied at the time of seizure; the defendant was not in close proximity to the car; the car did not pose any threat. At the suppression hearing the defendant further argued that the police could have easily obtained a search warrant for the car.

¶ 46. The circuit court concluded that the warrant the police were executing did not authorize a search of the defendant's car but that the search of the car was valid, apparently as incident to the defendant's valid arrest. On appeal, however, the State conceded that the defendant's car was not covered by the search warrant and that the defendant had not been placed under arrest until after his car had been searched. Apparently the court of appeals agreed, nor does the State now argue that the search was authorized by the warrant or incident to a valid arrest.

¶ 47. While not entirely clear, it appears that independent of its mistaken view of the timing of the defendant's arrest and the search of the car, the circuit court found the search valid as supported by probable cause and therefore justified as within the automobile exception to the warrant requirement. The State so interprets the circuit court's holding, brief for State at 4, and so did Judge Gartzke. Accordingly, the circuit court's sole extant legal basis for denying the motion to suppress the evidence found in the car was that there was probable cause to search the car.[3]

---

[3] The defendant does not contend that the automobile exception is inapplicable and the State does not contend that the automobile exception obviates the requirement that there be probable cause for an automobile search.

¶ 48. ‛Neither the State nor the defendant argued in the circuit court whether the search was valid because it was supported by probable cause. But the record makes clear that the circuit court viewed proba- ble cause as an issue. According to the State, the prosecutor knew that probable cause was a significant issue and introduced some evidence relevant to proba- ble cause. The State further asserts that the prosecutor was prevented from introducing additional evidence relating to probable cause because the defendant objected. Brief for State at 11–13.

### B.

¶ 49. With this background of the events in the circuit court, I turn now to the waiver of the issue of probable cause and the right to appellate review of this issue. Because the positions of the parties at the circuit court were unclear and the circuit court's rulings were in part erroneous, the waiver issue is itself clouded. The record is sufficiently clear, however, to suggest the following observations.

¶ 50. Had neither party raised in the circuit court the issue of probable cause to search the car and had the circuit court not ruled on the issue, this case would present the traditional circumstances of waiver. *See, e.g., State v. Gove*, 148 Wis. 2d 936, 940–41, 437 N.W.2d 218 (1989). The losing party (the defendant here) would have waived the issue of probable cause and could not, as a matter of right, raise the issue on appeal.

¶ 51. Yet the present case does not present the traditional circumstances of waiver because the circuit court ruled on the issue of probable cause.

¶ 52. While the defendant did not raise the issue of probable cause, and the State may or may not have,

the circuit court ruled as the sole dispositive legal ruling in the case that there was probable cause to search the defendant's car. Under such circumstances, the losing party (the defendant here) should be able to argue on appeal against the circuit court's dispositive probable cause ruling because the issue was one raised by the circuit court and the losing party had no meaningful opportunity to address it after the circuit court raised it and ruled on it. A party should not be found to have lost its right to appeal when there otherwise would be no avenue for review of the circuit court's sole legal ruling.

¶ 53.   The state argues that the defendant not only failed to raise the issue of probable cause but conceded the issue at the suppression hearing. The State further suggests that the circuit court accepted the defendant's concession and so should the appellate courts.

¶ 54.   I question the majority opinion's conclusion that under this interpretation of the record, the defendant has lost his right to appeal the issue. The majority opinion's conclusion seems to contravene precedent. Our case law is that a party who has conceded a legal question[4] which is then the sole legal basis for the circuit court's ruling can argue that legal question on appeal.

¶ 55.   The court has concluded that a concession with respect to a matter of law "is binding upon neither

---

[4] Whether a set of facts rises to the level of probable cause is a question of law. *See, e.g., State v. Moats*, 156 Wis. 2d 74, 84, 457 N.W.2d 299 (1990) (whether there is probable cause to support bindover is matter of law); *State v. Tompkins*, 144 Wis. 2d 116, 121–22, 423 N.W.2d 823 (1988) ("existence of probable cause and the propriety of the search conducted present questions of law").

the parties nor upon any court. . . .Conclusions of law may not be reached by the process of judicial admissions. . . .'To be *binding* the admission must be one of *fact*, rather than a conclusion of law.' " *Fletcher v. Eagle River Mem'l Hosp., Inc.*, 156 Wis. 2d 165, 168, 178, 456 N.W.2d 788 (1990) (citation omitted) (emphasis added in *Fletcher*).[5]

¶ 56.   On this record it is unclear whether this case presents a concession of law. Any concession by the defendant would be by implication; no concession about probable cause was expressed. It may be that the defendant's argument that the police could easily have obtained a search warrant implicitly conceded that the police had probable cause to search his car.[6]

---

[5] The circuit court in *Fletcher* concluded that the defendant made a judicial admission that it was a state actor. The court of appeals found that the state action issue had been waived by virtue of this concession. *Fletcher v. Eagle River Mem'l Hosp., Inc.*, 150 Wis. 2d 145, 153, 441 N.W.2d 297 (Ct. App. 1989).

In the supreme court the plaintiff argued that the defendant, by conceding a dispositive issue, had foregone the right to appeal that issue. Brief for plaintiff in *Fletcher* at 4–5. The supreme court did not discuss waiver or the defendant's right to appeal but ruled on the merits of the purportedly conceded issue. The court concluded that the defendant was not barred from arguing a position contrary to its concession on the issue of law.

[6] On the other hand, one could read this argument as claiming that the police had the obligation to seek a search warrant under these circumstances and that the police could easily have sought one.

There may be instances in which an accused's concession puts the State on notice but at the same time effectively bars the State from putting forth evidence to support its position. If the State can show that it was likely prejudiced by such a conces-

¶ 57.  In the lead opinion in the court of appeals Judge Sundby took yet another position on the issue of waiver and the right to appeal. I believe his position merits consideration. Judge Sundby understood the facts to be as follows: the defendant moved to suppress evidence on both general and specific grounds (but not specifically stating probable cause), including that a warrant was needed for the search and none authorized this particular search; the State put on evidence probative of probable cause at the suppression hearing; the defendant objected to some of the evidence relating to probable cause; and the circuit court ruled that there was probable cause.

¶ 58.  The lead opinion concluded that under such circumstances there was no waiver by the defendant because the State had the burden of proving probable cause and the defendant had no obligation to raise or to contest the issue in order to preserve it for appeal. The reasoning of the lead opinion appears to be that because the search was without a warrant, as the circuit court held, it is per se unreasonable under the Fourth Amendment and the burden of proving that the search and subsequent seizure were constitutional is on the State. The defendant need do no more, urges the lead opinion, than make a colorable showing that the search is not supported by a warrant. The burden of proving probable cause then shifts to the State, according to Judge Sundby, without any further showing in order to give effect to the presumption against war-

---

sion it should be given the opportunity to put on additional evidence to support its position on the issue.

Although the State argues that had probable cause not been conceded by the defendant it would have been able to elicit more evidence of probable cause, the State does not seek an opportunity to put on additional evidence.

rantless searches. *Caban*, 202 Wis. 2d at 420–21 (citing *State v. Pozo*, 198 Wis. 2d 705, 710 n.2, 544 N.W.2d 228 (Ct. App. 1995)).

¶ 59.   Because the court of appeals in effect exercised its discretion to review the merits of the defendant's claim of probable cause, it is not necessary to determine whether this case presents traditional circumstances of waiver and, if not, what legal rules control.

¶ 60.   I conclude that this record does not lend itself to a decision by the court on the issues for which the court took the case. I would therefore dismiss the petition as improvidently granted.

¶ 61.   For the reasons set forth, I dissent.

¶ 62.   I am authorized to state that Justice Ann Walsh Bradley joins this opinion.