**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**August 27, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP1334-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 1991CF911251

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

LEVELT DEWARREN MUSGRAVES,

    DEFENDANT-APPELLANT.

       APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

       Before Kessler, Brennan and Kloppenburg, JJ.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Levelt Dewarren Musgraves appeals the circuit court's order denying his motion for sentence credit. He argues that the circuit court should have applied sentence credit to his life sentence in a manner that made him eligible for parole sooner. We reject this argument. Therefore, we affirm.

¶2 Musgraves was convicted of first-degree intentional homicide while armed. On December 15, 1992, the circuit court imposed a life sentence with a parole eligibility date in 2020. After the circuit court set Musgraves's parole eligibility date during the sentencing hearing, the issue of presentence incarceration credit arose. The circuit court found that Musgraves was entitled to seven hundred and fifty three days of sentence credit for time he spent in custody prior to sentencing.

¶3 Musgraves argues that the sentence credit he was awarded should shorten the length of time until he is eligible for parole, making him eligible for parole seven hundred and fifty three days earlier than the date set by the circuit court. We disagree. As we explained in *State v. Chapman*, 175 Wis. 2d 231, 248, 499 N.W.2d 222 (Ct. App. 1993), a defendant is not entitled to an abbreviated parole eligibility period based on his or her sentence credit when the circuit court sets the defendant's parole eligibility date.

¶4 At the time Musgraves was sentenced, the circuit court had two options for setting parole eligibility. Under the first option, the person becomes eligible for parole in twenty years. *See* WIS. STAT. § 973.014(1)(a) (2017-18);[1]

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted. At the time Musgraves was sentenced, WIS. STAT. § 973.014(1)(a) and (1)(b) were numbered WIS. STAT. § 973.014(1) and (2) (1989-90).

WIS. STAT. § 304.06(1). Under the second option, the circuit court establishes a specific date on which the defendant will become eligible for parole that is beyond twenty years. *See* § 973.014(1)(b). That is the option the circuit court chose here. The purpose of the second option is to give the court flexibility to establish a date "that is more consistent with the circumstances of the case and the characteristics of th[e] particular defendant." *See State v. Borrell*, 167 Wis. 2d 749, 766 n.6, 482 N.W.2d 883 (1992), *overruled on other grounds by State v. Greve*, 2004 WI 69, 272 Wis. 2d 444, 681 N.W.2d 479.

¶5    As for sentence credit, when a defendant is given the default parole eligibility of twenty years under WIS. STAT. § 973.014(1)(a), the specific date on which the defendant becomes eligible for parole is set according to a statutory formula that "takes into consideration any presentence confinement credit." *See Chapman*, 175 Wis. 2d at 245 n.1. In contrast, when a defendant is sentenced under § 973.014(1)(b), the defendant's "parole eligibility date [is] established by the sentencing court" rather than by the statutory formula that takes sentence credit into account to shorten the time until parole eligibility. *See id. Chapman* explains "that neither the Wisconsin statutes nor the Equal Protection Clause of the constitution require[s] a trial court to give presentence confinement credit to a felon sentenced to life imprisonment, when the trial court sets the parole eligibility date." *See State v. Seeley*, 212 Wis. 2d 75, 83-84, 567 N.W.2d 897 (Ct. App. 1997). Because the circuit court sentenced Musgraves under § 973.014(1)(b), his sentence credit does not make him eligible for parole at an earlier date than the date set by the circuit court although the parole commission may consider the additional time served when determining whether parole is appropriate.

¶6    Musgraves contends that a different result is mandated by *Wilson v. State*, 82 Wis. 2d 657, 661-62, 264 N.W.2d 234 (1978). *Wilson* is not applicable

3

because it was decided before the enactment of WIS. STAT. § 973.014(1)(b) and thus does not discuss the statute that applies to this case.

¶7 Finally, Musgraves argues that he is entitled to relief on grounds of claim preclusion, double jeopardy, and under other legal theories. He did not raise these issues in his motion to the circuit court, so we do not addresses them here. *See State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) (issues not raised in the circuit court may not be raised for the first time on appeal). In addition, after this case was submitted to the panel for decision, Musgraves moved for default judgment. Default judgment is not a remedy available on appeal. Therefore, we deny the motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.