COURT OF APPEALS
DECISION
DATED AND FILED

**January 11, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1290-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF4769

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ALONZO JEREMIAH HALL,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: DAVID C. SWANSON, Judge. *Affirmed.*

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Alonzo Jeremiah Hall appeals his judgment of conviction entered upon a jury verdict for possession of a firearm as a convicted felon and possession of methamphetamine.  Hall argues that the trial court erred when it denied his motion to suppress evidence discovered during an investigative stop because the police did not articulate reasonable suspicion for the stop.  He also argues that the trial court erred when it did not address his contention that his vehicle had been illegally seized before the investigatory stop.  Upon review, we affirm.

¶2     Hall was charged with possession of a firearm as a convicted felon and possession of methamphetamine, a controlled substance, as a second or subsequent offense after the police arrested him while he was in his parked vehicle on October 13, 2017, after they saw that his vehicle was missing its rear license plate.[1]  Hall moved to suppress the evidence arguing it derived from an illegal search and seizure.  After testimony from two officers involved in the stop and arrest, the trial court concluded that "the State has met its burden" to show that the police had reasonable suspicion to stop Hall.  The court then denied Hall's motion.  The case proceeded to trial, at which the jury found Hall guilty of both counts.

¶3     Hall argues that the trial court erred when it found that the police had reasonable suspicion to stop him and probable cause to arrest him and conduct an inventory search of his vehicle.  He asserts that the Milwaukee Police Department officer's testimony and body camera video footage showed that the officer was not in a position to see the missing rear license plate; therefore, the trial court's

_____

[1] During an inventory search of the vehicle after his arrest, police recovered a black Springfield XDS .45 caliber pistol.  When Hall was booked at the police station, a plastic bag containing twenty-two methamphetamine pills were recovered from his coat pocket.

finding that the officer had reasonable suspicion to approach the vehicle for an investigatory stop was clearly erroneous. Second, he argues that the trial court did not address Hall's assertion that Hall's vehicle was seized when the officer waved "other squads in the area to block in the defendant's vehicle so he could not leave the area." He contends that the police had no justifiable basis to believe that a crime was being committed and no probable cause for detaining his vehicle by blocking it in prior to investigating the officer's suspicions.

¶4 The State argues that Hall has forfeited these challenges by not raising these issues in his motion to suppress. A litigant who fails to raise a claim to the trial court forfeits the right to raise the issue on appeal. *See State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612. When a litigant "seeks review of an issue that it failed to raise before the [trial] court, issues of fairness and notice, and judicial economy are raised." *State v. Caban*, 210 Wis. 2d 597, 605, 563 N.W.2d 501 (1997).

¶5 To determine whether Hall raised the issues of reasonable suspicion to stop Hall or probable cause to seize the vehicle, we consider both his written motion to suppress and the testimony and evidence at the suppression hearing. *Id.* at 605-06, *see* WIS. STAT. § 971.30(2)(c) (2019-20)[2] (providing that a motion must "[s]tate with particularity the grounds for the motion").

¶6 "A brief review of the law of search and seizure gives perspective to our analysis." *Caban*, 210 Wis. 2d at 606. The Fourth Amendment guarantees individual security "against unreasonable searches and seizures." U.S. CONST.

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

amend. IV. A traffic stop, "even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of the Fourth Amendment." *State v. Popke*, 2009 WI 37, ¶11, 317 Wis. 2d 118, 765 N.W.2d 569 (citations omitted). An investigatory stop "must be based on more than an officer's 'inchoate and unparticularized suspicion or hunch.'" *State v. Post*, 2007 WI 60, ¶10, 301 Wis. 2d 1, 733 N.W.2d 634 (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968) (one set of quotation marks omitted). The officer "'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' the intrusion of the stop." *Post*, 301 Wis. 2d 1, ¶10 (quoting *Terry*, 392 U.S. at 21).

¶7 Our examination of Hall's motion shows that he did not challenge whether the officers had reasonable suspicion to approach his vehicle, and specifically did not assert that the officers were not in a position to see the missing rear license plate as they approached. However, he did argue that the criminal complaint established the police "effected a seizure when they pulled in front of [Hall's] car" before they approached his vehicle for the investigatory stop. Although Hall's motion stated several Fourth Amendment issues with varying degrees of particularity—including the seizure issue—he did not challenge reasonable suspicion based on the missing license plate. *See Caban*, 210 Wis. 2d at 606. Accordingly, we conclude that Hall's written motion failed to raise a claim of lack of reasonable suspicion to stop Hall with the particularity required by WIS. STAT. § 971.30(2).

¶8 At the suppression hearing, trial counsel argued three issues: (1) whether the police officer would have been able to see the firearm under the

driver's seat even though the firearm did not appear in his body camera video footage; (2) whether any of the police officers could identify marijuana shake[3] on Hall's pants, car seat, or floorboard in the body camera video footage and photographs; and (3) whether the vehicle was running at the time Hall was stopped. In our review of the suppression hearing record, Hall did not raise the issue of whether the vehicle was seized before the police approached, and did not challenge whether there was reasonable suspicion to stop the vehicle based on when the officers looked at the rear of the vehicle and saw that the license plate was missing.

¶9      Therefore, because in Hall's suppression motion and at the suppression hearing he failed to challenge whether there was reasonable suspicion to stop his vehicle—specifically based on the officers' position to observe his missing license plates—we conclude that he forfeited his right to appeal this issue. *Caban*, 210 Wis. 2d at 608. Further, we conclude that Hall has forfeited the issue of whether the police "effected a seizure when they pulled in front of [Hall's] car" before they approached it for the investigatory stop because he did not challenge the seizure at the suppression hearing.[4]

---

[3] An officer testified at the suppression hearing that he had identified marijuana shake in his prior experience and training, and explained it is "a green leafy plant-like substance usually in small bits or chunks."

[4] Hall's failure to pursue the seizure allegation at the suppression hearing, but instead raising it here on appeal, raises the concern of fundamental fairness embedded in the forfeiture rule. *See State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612 (explaining that the forfeiture rule "prevents attorneys from 'sandbagging' opposing counsel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal"). Just as a party must "adequately, and with some prominence, argue an issue in order for this court to decide it[,]" we decline to address an argument abandoned before the trial court when the argument is resurrected on appeal. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).

¶10    In sum, we conclude that because Hall did not raise the issue of reasonable suspicion based on the missing rear license plate  to the trial court, he has forfeited his challenge to the trial court's finding.[5]  Although Hall raised his claim of illegal seizure in his motion to suppress, he failed to address the issue at the suppression hearing and we also consider this claim forfeited.  Accordingly, we do not disturb the trial court's decision denying his suppression motion and we affirm his judgment of conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] Further, we conclude upon our review of the record that there was reasonable suspicion to temporarily detain Hall's vehicle.