COURT OF APPEALS
DECISION
DATED AND FILED

October 8, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2422**

STATE OF WISCONSIN

Cir. Ct. No. 2022SC31327

IN COURT OF APPEALS
DISTRICT I

ELLIOTT FINCH,

   PLAINTIFF-APPELLANT,

V.

MILWAUKEE IRON & METAL,

   DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Milwaukee County: MARY M. KUHNMUENCH, Judge. *Affirmed*.

¶1     COLÓN, J.[1]  Elliott Finch, *pro se*, appeals from a judgment dismissing Finch's small claims matter against Milwaukee Iron & Metal for

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

allegedly wrongfully destroying Finch's vehicle. For the reasons set forth below, this court affirms.

## BACKGROUND

¶2 Finch filed a small claims matter against Milwaukee Iron & Metal on December 19, 2022, in which Finch alleged that his vehicle was stolen and Milwaukee Iron & Metal took his vehicle and crushed it without title. He sought the return of his vehicle or, in the alternative, $5,000 for the amount that he paid for the vehicle and the vehicle's registration fees. Following a hearing on May 8, 2023, the court commissioner dismissed Finch's case.

¶3 Finch filed a demand for a trial before the circuit court, and a court trial was set for December 8, 2023. As reflected in the circuit court docket, the circuit court ordered at a pre-trial conference on July 6, 2023, that the "[p]arties shall provide copies of all documents to be used as exhibits and names and addresses of all witnesses they intend to call at trial to the opposing party [fifteen] days before trial." With the trial scheduled for December 8, 2023, the deadline to disclose witnesses and exhibits was November 24, 2023. Finch, however, never filed a witness list or an exhibit list with the court, nor did he disclose any witnesses or exhibits to Milwaukee Iron & Metal.

¶4 Milwaukee Iron & Metal moved to prohibit Finch from producing witnesses or exhibits at trial. The circuit court granted the motion in part, and at the trial, the circuit court allowed Finch to testify and produce a police report. Following the trial, the circuit court found in favor of Milwaukee Iron & Metal and dismissed Finch's small claims matter. The docket entry for the trial states in its entirety:

Case in Court for Court Trial. Defendant moves the Court to prohibit plaintiff from presenting exhibits and witnesses. Court GRANTS defendant's motion for plaintiff to introduce exhibits. Court DENIES defendant's request to not have plaintiff testify. Sworn & Testified: Elliot Finch. Court allows plaintiff to produce police report. Defendant moves the Court to dismiss matter. Sworn & Testified: Robert Tiech. Defendant moves exhibits A, B, C, D into evidence. Court receives defendants Exhibits A, B, C, D into evidence. Court finds in favor of defendant and does not award any damages to plaintiff and DISMISSES matter.

¶5     Finch appeals.

## DISCUSSION

¶6     On appeal, Finch argues that he is entitled to a new trial for three reasons: (1) the circuit court erroneously prohibited him from testifying at trial; (2) the circuit court erroneously prohibited Finch from presenting his case in full; and (3) the circuit court was biased as evidenced by the circuit court and opposing counsel having lunch immediately following the trial. This court rejects Finch's arguments.

¶7     Importantly, Finch failed to provide any transcripts of the proceedings below and failed to provide a complete record for review on appeal. Instead, Finch provided in the Statement on Transcript that "[a]ll transcripts necessary for this appeal are already on file and satisfactory arrangements with the court reporter(s) for service of a copy of the transcript(s) on the other parties have been made."

¶8     "It is the appellant's responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling.'" *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376

Wis. 2d 448, 899 N.W.2d 381 (citation omitted). Furthermore, on appeal, "it is the burden of the appellant to demonstrate that the [circuit] court erred." *Id.* (alteration in original; citation omitted). This burden is no less applicable to *pro se* litigants. *See Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) ("*Pro se* appellants must satisfy all procedural requirements, unless those requirements are waived by the court.").

¶9      Without having fulfilled his responsibility to ensure a complete record for this court's review, Finch's claims must fail. Simply put, this court lacks the ability to review any of Finch's claimed errors without a complete record and in the absence of a transcript of the trial at which the errors allegedly occurred. Further, this court must assume that any missing material supports the circuit court's judgment below.

¶10      Nevertheless, this court observes that what little is contained in the record reveals that Finch's claims lack merit. The docket entry for the trial states both that Finch was sworn and testified and that the circuit court allowed Finch to produce a police report. Thus, what little is contained in the record directly contradicts Finch's first two claims and, instead, reveals that Finch was allowed to testify and present evidence in support of his case in the form of a police report. Finch was also made aware of his responsibility to disclose witnesses and exhibits at a pre-trial hearing, and if there were additional witnesses or exhibits that Finch sought to introduce, it is well recognized that a circuit court has the discretion to exclude them based on a failure to disclose them prior to trial. *See 260 N. 12th St., LLC v. DOT*, 2011 WI 103, ¶10, 338 Wis. 2d 34, 808 N.W.2d 372. There is also no mention of the circuit court and opposing counsel for Milwaukee Iron & Metal having lunch immediately following the trial, and no record that Finch raised judicial bias in the circuit court proceedings below as an issue in this matter.

*See State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997) ("The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal.").

¶11 In sum, in the absence of a complete record for this court to review, this court rejects Finch's arguments and affirms the circuit court's judgment dismissing Finch's small claims matter against Milwaukee Iron & Metal.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.