COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2023AP1987**
**2023AP1988**
STATE OF WISCONSIN

Cir. Ct. Nos. 2016CF272
2016CF3398

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MARQUES EDWARD HUBBARD,

DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Milwaukee County: ANA BERRIOS-SCHROEDER, Judge. *Affirmed.*

Before White, C.J., Colón, P.J., and Donald, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Marques Edward Hubbard, pro se, appeals from orders of the circuit court denying his postconviction motion, without a hearing. On appeal, Hubbard argues that he is entitled to a hearing on his claims of ineffective assistance of trial and postconviction counsel and newly discovered evidence.  He also raises an argument of judicial bias.  Upon review, we affirm.

**BACKGROUND**

¶2    On January 23, 2016, the State charged Hubbard with six felonies, including two counts of first-degree recklessly endangering safety by use of a dangerous weapon as a repeat offender, and one count of endangering safety by discharging a firearm into a building, for an incident that began as an altercation between Hubbard and his girlfriend and ended with Hubbard firing shots into his girlfriend's house as he was leaving.  Both Hubbard's girlfriend and her son suffered gunshot wounds.  The charges further included felon in possession of a firearm, bail jumping, and resisting arrest, all as a repeat offender.

¶3    The State later charged Hubbard with an additional count of witness intimidation for making several telephone calls from the jail to his girlfriend telling her not to show up for trial.  The State also moved to admit the statements of Hubbard's girlfriend and her son under the doctrine of forfeiture by wrongdoing as a result of Hubbard's phone calls to his girlfriend.

¶4    On September 9, 2016, Hubbard pled guilty to two counts of second-degree recklessly endangering safety, as a repeat offender and while using a dangerous weapon, and one count of felony witness intimidation.  The remaining four counts were dismissed and read in for purposes of sentencing.  The circuit court sentenced Hubbard to a total of 26 years of imprisonment, bifurcated as 18 years of initial confinement and 8 years of extended supervision.

2

¶5    On May 31, 2019, Hubbard, by counsel, filed a postconviction motion under WIS. STAT. RULE 809.30 (2023-24),[1] to withdraw his guilty pleas because of ineffective assistance of trial counsel.  He argued that trial counsel failed to discuss the possibility of a self-defense claim with him.  For the first time in his postconviction motion, Hubbard articulated that he believed that his girlfriend's brother began shooting at him from the doorway of his girlfriend's house and Hubbard fired shots back in self-defense.  Hubbard also argued that trial counsel was ineffective because trial counsel improperly advised him that his girlfriend and her son would not appear at trial if their statements were admitted under the doctrine of forfeiture by wrongdoing.

¶6    The circuit court held a ***Machner***[2] hearing on Hubbard's motion at which both trial counsel and Hubbard testified.  Trial counsel testified at the hearing that he discussed self-defense with Hubbard, but Hubbard never told him that anyone was firing shots at him from the house.  Rather, trial counsel testified that Hubbard generally denied that he fired any shots that day and "danced around" the subject of even possessing a firearm at the time.  Trial counsel further testified to a police report indicating that all of the bullet casings found at the scene came from one .40 caliber firearm.

¶7    By contrast, Hubbard testified that he told trial counsel that someone fired shots at him that day, Hubbard fired back, but his gun jammed.  Hubbard believed that the person shooting at him from the doorway of the house was his girlfriend's brother.  Hubbard testified that his girlfriend's brother was not initially

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

3

present during the altercation, and Hubbard thought his girlfriend let her brother in the back door at some point after the altercation but before Hubbard left. In support of his theory of a second shooter from the house, Hubbard pointed to bullet strike marks on the steps in the front of the house that were noted in a police report.

¶8 The circuit court denied the motion following the hearing. In so doing, the circuit court noted that Hubbard and trial counsel "gave completely diametrically opposed accounts as to what information was contained in their conversations." Overall, the circuit court found trial counsel's testimony to be the "much more credible" account because trial counsel's testimony was "more consistent" with what Hubbard originally told the police and Hubbard's testimony appeared "self-serving and contrived." Thus, the circuit court found that trial counsel had in fact discussed self-defense with Hubbard and could not be found ineffective. The circuit court further found that trial counsel was not ineffective related to the issue of forfeiture by wrongdoing because the issue was purely speculative given that the circuit court never ruled on the State's motion and no trial took place.

¶9 Hubbard appealed and raised an issue with the evidence introduced at the *Machner* hearing related to an investigator's report and recordings of jail phone calls. This court concluded that any error in admitting either piece of evidence was harmless and affirmed in *State v. Hubbard*, Nos. 2020AP416-CR and 2020AP417-CR, unpublished slip op. (WI App Dec. 28, 2021).

¶10 Hubbard, proceeding pro se, filed a postconviction motion pursuant to WIS. STAT. § 974.06 that underlies this appeal. In his motion, Hubbard raised an argument of ineffective assistance of trial counsel and postconviction counsel.

He further raised an argument of newly discovered evidence based on an affidavit provided by an alleged eye witness to the shooting incident averring that she saw an adult male firing shots from the house. The circuit court denied Hubbard's motion without a hearing, and Hubbard appeals.

## DISCUSSION

¶11    On appeal, Hubbard raises claims of ineffective assistance, newly discovered evidence, and judicial bias. We discuss each argument in turn.

### I.    Ineffective Assistance of Counsel

¶12    Hubbard first argues that both his trial counsel and postconviction counsel were ineffective for failing to investigate a claim of self-defense and failing to investigate the bullet strike marks and fragments noted in a police report in furtherance of Hubbard's theory of a second shooter firing shots at Hubbard from the doorway of his girlfriend's house. Hubbard's argument is nothing more than a repackaging of the argument for ineffective assistance raised in his first postconviction motion and finally adjudicated on direct review. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶13    In his first postconviction motion, Hubbard argued that trial counsel was ineffective for failing to discuss a self-defense claim with him. Hubbard supported his claim with his recollection of a second shooter from the house and a police report noting bullet strike marks that he indicated was evidence of a second shooter. In denying Hubbard's first postconviction motion following the *Machner* hearing, the circuit court evaluated the testimony and found that trial counsel had,

contrary to Hubbard's assertion, discussed a self-defense claim with Hubbard, and Hubbard never alerted trial counsel, or anyone else for that matter, of the presence of a second shooter. The circuit court continued to find that trial counsel was not ineffective in failing to discuss a self-defense claim, and we affirmed. *Hubbard*, Nos. 2020AP416-CR and 2020AP417-CR. Hubbard cannot now relitigate the adequacy of trial counsel's performance, and relatedly the performance of postconviction counsel, as it relates to a claim of self-defense by repackaging his claim as one of a failure to investigate.[3]

## II. Newly Discovered Evidence

¶14 Hubbard next argues that he is entitled to an evidentiary hearing as a result of newly discovered evidence in the form of an affidavit from a Malaizah Thomas, who allegedly witnessed the shooting. In her affidavit, Thomas avers that she was driving past the house when she saw an unidentified adult male fire one shot from the house at another unidentified adult male, at which point she drove away. She then states that she did not contact police because she did not believe it was necessary. However, she did contact Hubbard's attorney, but no one returned her calls. She also states that she does not know Hubbard or his family outside of providing her statement.

¶15 A defendant who seeks to withdraw a guilty plea after sentencing carries the heavy burden of establishing, by clear and convincing evidence, that

---

[3] As a result of our conclusion, we do not address the State's alternative arguments that Hubbard fails to provide a sufficient reason for failing to raise his claims earlier and that Hubbard's allegations are conclusory and lack merit. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

the withdrawal of the plea is necessary to correct a manifest injustice. *State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707 (1997). "The withdrawal of a plea under the manifest injustice standard rests in the circuit court's discretion," and "[w]e will only reverse if the circuit court has failed to properly exercise its discretion." *Id.*

¶16 In some cases, newly discovered evidence may be sufficient to establish a manifest injustice entitling a defendant to plea withdrawal. *Id.* Newly discovered evidence requires that "a defendant must prove: '(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative.'" *State v. Plude*, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (citation omitted).

¶17 "If the defendant is able to prove all four of these criteria, then it must be determined whether a reasonable probability exists that had the jury heard the newly[]discovered evidence, it would have had a reasonable doubt as to the defendant's guilt." *Id.* "A reasonable probability of a different result exists if there is a reasonable probability that a jury, looking at both the old and the new evidence, would have a reasonable doubt as to the defendant's guilt." *State v. Avery*, 2013 WI 13, ¶25, 345 Wis. 2d 407, 826 N.W.2d 60. "A court reviewing the newly discovered evidence should consider whether a jury would find that the evidence 'had a sufficient impact on other evidence presented at trial that a jury

would have a reasonable doubt as to the defendant's guilt.'"[4]   *Id.* (citation omitted).

¶18    Hubbard's claim of newly discovered evidence fails for several reasons.  As the circuit court noted, Thomas avers that she contacted trial counsel to provide this information, and as a result, Thomas's affidavit fails to satisfy the first two criteria that newly discovered evidence be discovered after conviction and the defendant was not negligent in its discovery.  We agree, and therefore, we need not discuss Hubbard's claim of newly discovered evidence further.

### III.    Judicial Bias

¶19    Hubbard argues that the judge who presided over his *Machner* hearing should have recused as a result of familiarity with trial counsel.  Hubbard did not raise the issue of judicial bias in his current postconviction motion before the circuit court, and he raises this issue for the first time in appeal.  "The general rule is that issues not presented to the circuit court will not be considered for the first time on appeal."  *State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997).    Additionally, Hubbard never pursued the issue of judicial bias in connection with any of his first postconviction proceedings or appeal, and he belatedly raises the issue of judicial bias for the first time in this appeal. Consequently, we decline to address any alleged issue of judicial bias involving

---

[4] We note that in responding to Hubbard's claim of newly discovered evidence, the State requests that we clarify the test to apply in evaluating this final element of newly discovered evidence when the defendant has entered a plea.  While we recently recognized the merit in the State's request, we are nonetheless bound by the test as it currently stands.  *See Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997).

the judge who presided over the *Machner* hearing granted as part of the proceedings related to Hubbard's first postconviction motion.

¶20 Accordingly, we reject Hubbard's arguments and affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.